SUCESIÓN DE ABARCA, S. EN C., DEMANDANTE Y APELADA, *v.*
NONES, DEMANDADO Y APELANTE.

No. 3236.—*Visto:* Abril 22, 1924. *Resuelto:* Julio 11, 1924.

ALEGACIÓN DEL DEMANDADO — CONTESTACIÓN — *Litispendencia* COMO PRIMERA DE-
FENSA.—Un demandado que contrademanda, puede, de acuerdo con el artículo
108 del Código de Enjuiciamiento Civil, alegar como defensa la excepción de
*litispendencia,* y tal defensa no debe entenderse abandonada, atendidas todas
las circunstancias que en este caso concurren, por el hecho de que el deman-
dado en el acto de la vista practicara primeramente la prueba correspon-
diente a otras defensas dejando para lo último la prueba pertinente a la
de *litispendencia.*

SENTENCIA de *M. Rodríguez Serra,* J. (San Juan, Segundo Distrito),
en una acción en cobro de pagaré, declarando con lugar la de-
manda y sin lugar la contrademanda, con las costas al deman-
dado. *Revocada.*

*C. Brunet,* abogado del apelante; *H. G. Molina,* abogado de la ape-
lada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del
tribunal.

Sucesores de Abarca demandaron a Adolfo Nones en co-
bro de $3,747.37.   Contestó el demandado alegando como pri-
mera defensa que existía pendiente en la Corte de Distrito
de Ponce otro pleito entre las mismas partes en cobro de la
misma cantidad, y como segunda defensa contrademandó a
los demandantes reclamándoles $7,775.00 por daños y per-
juicios.

Llegado el día del juicio, ambas partes anunciaron estar
listas.   Se practicó la prueba y la corte finalmente dictó sen-
tencia declarando la demanda con lugar y sin lugar la con-
trademanda.   Apeló el demandado señalando en su alegato
varios errores, entre ellos uno que se refiere a su defensa
de litispendencia desestimada por la corte de distrito.

Los motivos que tuvo la corte sentenciadora para deses-
timar la primera defensa del demandado constan de su opi-
nión, así:

"La primera cuestión que debemos resolver es si procede decla-
rar con lugar la alegación de litis pendencia que aparece como pri-

mera defensa en la contestación de la demanda. Para sostener
esta defensa, el demandado presentó la certificación del Secretario
de la Corte de Distrito de Ponce antes mencionada, y, además, el de-
mandante présentó otra, para demostrar que♦el 14 de julio de 1922
desistió de la anterior acción, a virtud de escrito dirigido a la Corte
de Distrito de Ponce, y consignando un depósito de veinticinco dollars
($25.00) para costas; y en ella consta, asimismo, que el Juez de di-
cha corte accedió al desistimiento y ordenó se tuviera por desistido
al demandante del citado pleito. El mismo día, 14 de julio se ra-
dicó en esta corte la demanda original en el presente pleito, y cinco
días más tarde el Hon. Juez de Ponce reconsideró, a instancias del
demandado, la orden de desistimiento.

"Podría quizás alegarse, con fundamento, que, habiendo desistido
el demandante del anterior pleito en la Corte de Ponce, y ordená-
dolo así la corte, no existía acción pendiente alguna al interponerse
la presente; mas, para los fines de esta resolución, nos fundaremos
en la actitud asumida por el demandado—contrademandante ante
esta corte, en el presente pleito. El no se limitó a aducir la defensa
especial citada, y a esperar su resolución, que, habría, quizás, dado
término a esta acción; sino que al contestar la demanda, como de-
fensa segunda, alegó hechos tendentes a sostener una causa de acción
contra el demandante por incumplimiento de cierto contrato, y soli-
citó el remedio afirmativo de que se le condenase a pagar una suma
de dinero, en concepto de indemnización de daños y perjuicios. Es
muy difícil dejar de notar que estas dos defensas se excluyen una
a otra. La primera tiende a negar la competencia de esta corte para
conocer del pleito, porque otra corte previamente la ha adquirido
en una acción, pendiente, entre ambas partes, por igual causa. Y la
segunda afirma la competencia que se niega, cuando a ella se acoge
el contrademandante-demandado, para solicitar un remedio afirmativo
contra el demandante. Pero aún hay más: En el acto del juicio
manifiesta su abogado hallarse listo para la práctica de las pruebas.
El demandante pidió sentencia por las alegaciones por no aparecer
negadas las de la demanda. Ante la oposición del demandado pre-
senta la prueba de los hechos, y terminada la misma, parecía lógico
que el demandado insistiera en que se resolviese su alegación de litis
pendencia, como cuestión de derecho, primeramente, y que en caso
necesario, para sostenerla, presentar los documentos creditivos de la
pendencia del otro pleito en la otra corte. No lo hizo así, sino que
procedió a practicar la prueba de los hechos de su contrademanda.

"Tenemos forzosamente que llegar a la conclusión de que con
esta actitud el contrademandante renunció su primera defensa, pres-

cindió de ella y se sometió a la competencia de esta corte para recabar un remedio afirmativo contra el demandante.

"Véase 1 Cyc, páginas 135 y 136."

Para circunscribir el debate a sus justos términos, debe aclararse que si bien los demandantes iniciaron este pleito en San Juan al día siguiente de haber solicitado y obtenido la orden de desistimiento de la Corte de Distrito de Ponce, antes de que ésta la reconsiderara, tal circunstancia no es decisiva. No obstante tratarse de un pleito contencioso, la moción de los demandantes desistiendo se presentó y resolvió sin conocimiento de la parte contraria que había sido ya emplazada y que había archivado su contestación y contrademanda solicitando una condena de $7,775, y sabido es que según el art. 192 del Código de Enjuiciamiento Civil, el demandante podrá desistir de su demanda en cualquier tiempo antes del juicio, previo el pago de las costas, *salvo el caso que mediare una reconvención o que el demandado en su contrademanda o en la contestación hubiere solicitado alguna resolución a su favor.*

Aunque estaba ya dictada, no podía considerarse, pues, como firme la resolución de la corte de distrito cuando los demandantes iniciaron el pleito de nuevo en San Juan, y decimos de nuevo porque la reclamación se entabló primeramente en San Juan y a virtud de una moción de traslado fué el pleito a Ponce, volviendo los demandantes a iniciarlo en San Juan.

¿Pudo el demandado alegar la defensa de litispendencia y contrademandar a la vez, y luego, en el acto del juicio, presentar toda su prueba?

Hemos visto que la corte de distrito cita en apoyo de su decisión la siguiente autoridad: 1 Cyc. 135–136. La parte apelada se limita en su alegato a narrar los hechos, remitiéndose a la opinión de la corte, y a hacer la cita de 1 C.J., 271, sec. 598, sin un análisis de los casos. Cuando en el juicio la parte demandada ofreció su prueba relativa a la defensa

de litispendencia, ocurrió, según los autos, únicamente lo que sigue:

"C. Dte.—Entonces vamos a presentar como prueba el certificado del Secretario de la Corte de Distrito de Ponce, donde certifica que esta demanda en cobro de pagaré, esta contrademanda y demás incidentes están pendientes de resolución en la Corte de Distrito de Ponce.

"C. Dmdo.—Me opongo, porque el contra-demandante ha renunciado a esta defensa por haber practicado su prueba.

"J.—Admitida.

"C. Dmdo.—Excepción.

"C. Dte.—Hemos terminado nuestro caso."

Volvamos a la cita de Cyc. El texto de la enciclopedia dice:

"En algunos Estados la suspensión de un caso sin que se resuelva una alegación dilatoria radicada anteriormente constituye una renuncia de tal alegación. Pero cuando la suspensión se obtiene por estipulación, o con el fin de juzgar las cuestiones levantadas por la alegación dilatoria, se ha resuelto en tales jurisdicciones que la regla es distinta." 1 Cyc. 135.

"Como regla general la interposición de una alegación relativa a los méritos y el proceder a juicio sobre los méritos del caso antes de haberse resuelto una alegación dilatoria anteriormente presentada, constituye una renuncia de esta última alegación, aunque se haya trabado la contienda sobre la alegación dilatoria mediante una réplica a la misma." 1 Cyc. 136.

El primer párrafo no tiene aplicación. El segundo sí, pero las decisiones que lo sostienen proceden de estados en donde al parecer rige una práctica distinta a la que está en vigor en Puerto Rico. Por ejemplo, en Louisiana se resolvió en uno de los casos que aparecen en la nota que "La alegación de *lispendens* es una excepción declinatoria y no puede ser permitida en una contestación sobre los méritos; y si se la incorpora a la contestación, por este hecho queda renunciada y pierde su eficacia como excepción." *Mix* v. *His Creditors*, 39 La. Ann. 624.

Pero ése no es el caso en Puerto Rico. Aquí un deman-

dado que no puede alegar como excepción previa el hecho de existir una acción pendiente entre las mismas partes por la misma causa por no desprenderse tal hecho de la faz de la demanda, puede hacerlo, como lo hizo el demandado en este caso, como una de sus defensas en su contestación, de acuerdo con el art. 108 del Código de Enjuiciamiento Civil, que dispone que: "Cuando ninguno de los extremos enumerados en el art. 105, constare en la demanda, la impugnación podrá hacerse en su contestación."

El artículo 108 de nuestro Código de Enjuiciamiento Civil es igual al 433 del de California y la Corte Suprema de dicho estado ha dicho:

"Bajo el derecho común las alegaciones dilatorias sólo podían interponerse antes de hacer alegación alguna sobre los méritos, pero bajo el Código de Enjuiciamiento Civil de California todas las defensas pueden incluirse en una contestación. En California, cuando el demandado descansa en una alegación dilatoria y también en alegaciones que van directamente a los méritos del caso, la corte sentenciadora debe exigir al demandado que presente su prueba sobre su alegación dilatoria al abrir su defensa, pues si aquélla resulta ser meritoria, en muchos casos evitará mucho trabajo inútil y considerables gastos en el litigio de las otras defensas." 1 Cal. Jur. 80.

Aceptamos que la seguida en este caso fué una mala práctica. ¿A qué introducir la prueba relativa a los méritos cuando si la primera defensa hubiera prosperado hacía dicha prueba completamente inútil? Pero no creemos que la falta de lógica en la actuación del demandado pueda privarlo de un derecho adquirido.

La regla 20 de las que gobiernan el juicio y la práctica de las pruebas en las cortes de distrito fija con toda claridad el orden que debe seguirse en la vista de los pleitos. Si la corte hubiera hecho cumplir su propia regla, al leer el demandado sus alegaciones hubiera podido enterarse de las cuestiones envueltas y guiar el debate y ordenar que la cuestión de litispendencia se ventilara y resolviera antes. Aunque la responsabilidad en la presentación de su caso des-

cansa directamente en el abogado, la corte controla la dirección de los debates.

Por virtud de todo lo expuesto, opinamos que la corte erró al decidir que la parte demandada abandonó su defensa primera, y juzgando dicha defensa de acuerdo con los hechos y la ley entendemos que debió haber sido declarada con lugar, ya que se probó debidamente la existencia del pleito en Ponce entre las mismas parte y por la misma causa, radicado con anterioridad y en el cual se había trabado la contienda. No puede darse a la opinión de esta corte emitida en el caso de *Sucesores de Abarca* v. *Nones et al.,* 30 D.P.R. 866, la extensión que pretenden los apelados. El hecho de haberse interpuesto la apelación contra la orden de traslado, no dejó sin efecto las actuaciones posteriores de la parte demandada. La apelación no suspendía el curso del litigio y dicha parte estaba obligada a continuar presentando sus alegaciones dentro de los términos marcados por la ley. La situación de derecho creada por el desistimiento de los demandantes en cuanto a uno de los demandados que se analiza en la indicada opinión, era distinta.

Por virtud de todo lo expuesto debe declarase *con lugar el recurso establecido, revocarse la sentencia apelada y dictarse otra desestimando la demanda con las costas a la parte demandante pero entendiéndose que dichas costas no incluyen honorarios de abogado.*

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.