CENTRAL PASTO VIEJO, INC., demandante y apelada, *v.* ARTURO APONTE, JR., demandado y apelante.

No. 3588.—*Visto:* Marzo 9, 1925. *Resuelto:* Abril 24, 1925.

1. APELACIÓN Y ERROR—TRANSCRIPCIÓN DEL RÉCORD—DOBLE APELACIÓN.—Aunque es mejor práctica que, en casos de apelaciones dobles, ambas partes convengan en someter sus apelaciones basadas sobre la misma transcripción del récord, cada apelante tiene derecho a someter una transcripción por separado si así lo desea, y en casos de doble apelación contra la misma sentencia, el Tribunal Supremo no obligará a un apelante a someter su apelación basada en la transcripción radicada por el otro.

MOCIÓN DE RECONSIDERACIÓN de resolución declarando no haber lugar a otra en que se solicitó que el legajo de la sentencia y la transcripción de la evidencia archivada en otra apelación formen parte de los autos a los efectos de decidir la apelación. *Sin lugar.*

*Carlos Travecier, Fernando Gallardo* y *Arturo Aponte, Jr.,* abogados del apelante; *Henry G. Molina,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

En esta apelación interpuesta por el demandado compareció el demandante el 14 de marzo último y pidió que el legajo de la sentencia y la transcripción de la evidencia archivados en otra apelación por él establecida contra la misma sentencia, se hicieran formar parte de los autos y sirvieran de base para la decisión del recurso, no obstante reconocer que la parte apelante venía tramitando una transcripción del *record* a los efectos de su apelación en la corte de distrito. La apelación interpuesta por el demandante lo fué contra la sentencia en cuanto le perjudicaba por no haberle concedido todo lo que solicitó en su demanda; la del demandado contra "(1) aquella parte de la sentencia que resolvió que la demandante no había comprado al demandado 320 quintales de azúcar de la zafra de 1920, a razón

de $18.50 quintal; (2) aquella parte de la sentencia que declaró sin lugar y desestimó la reconvención del demandado.''

La petición del apelado fué declarada sin lugar por orden de marzo 17, 1925, y ahora comparece de nuevo dicho apelado solicitando del tribunal que reconsidere su regla y resuelva de conformidad con lo pedido al principio.

Cita el demandado y apelado lo dicho por la Corte de Circuito del Primer Circuito de los Estados Unidos en el caso de *Gandía* v. *Porto Rico Fertilizer Co.*, 291 Fed. 23, a saber:

"Hay otra cuestión que es digna de consideración. Estas apelaciones fueron traídas aquí mediante traducciones y transcripciones independientes del mismo record de la corte inferior. No comprendemos cómo los abogados permiten que se imponga a las partes esa carga adicional cuando una traducción y transcripción serviría para todos los fines. El gasto de elevar un caso a una corte de apelaciones dentro de la práctica federal vigente es en sí demasiado considerable, y debe hacerse todo esfuerzo razonable por evitar cualquier gasto innecesario.''

Las mismas consideraciones podrían aplicarse, sin duda, a este caso. Hubiera sido mucho más fácil para las partes, los abogados, la corte sentenciadora y esta Corte Suprema que ambas apelaciones se tramitaran conjuntamente. Tiempo y dinero se habrían economizado y no se hubiera dado el caso de haberse celebrado ya la vista de uno de los recursos cuando la transcripción en el otro aún no ha sido radicada en esta Corte Suprema. Tal práctica no debe seguirse.

No obstante lo anteriormente expresado, la corte estima que no debe reconsiderar su orden de marzo 17, 1925.

En primer lugar sólo ha comparecido una de las partes interesadas. En segundo lugar esa parte ha hecho demasiado tarde su solicitud. Y en tercer lugar y especialmente es lo cierto que la parte apelante en uso de un derecho que le reconoce la ley está tramitando su récord con la intervención de la corte sentenciadora que de acuerdo con el estatuto

y la constante jurisprudencia de este tribunal es la llamada a impartir su aprobación a las exposiciones del caso en las apelaciones que contra sus sentencias se establezcan.

Generalmente una transcripción completa puede servir de base para todos los recursos que puedan interponerse contra una sola sentencia. Pero en Puerto Rico esa transcripción puede estar formada por el legajo de la sentencia y una transcripción de las notas taquigráficas, método escogido por la parte aquí apelada al tramitar la otra apelación, o en vez de la transcripción íntegra de las notas taquigráficas, puede prepararse una narración de la parte de la prueba que sea realmente necesaria, método más científico que parece que fué el seleccionado por la parte apelante en este caso.

Además no puede perderse de vista la intervención de la corte sentenciadora. Al examinar la exposición, o la transcripción de las notas del taquígrafo, su mente está fija en la apelación que se interpone y ella puede considerar que un récord que sería completo para someter al Supremo la apelación de una parte de la sentencia, no lo sería para someter la apelación que pudiera interponerse contra otra parte de la misma sentencia. Todas esas consideraciones y otras más que pudieran exponerse nos llevan a concluir que es en la corte de distrito donde deben hacerse todas estas gestiones y estipulaciones tendentes a normalizar el perfeccionamiento de las apelaciones, y no en esta Corte Suprema.

En cuanto a la dilación que aquí se observa, creemos que la parte apelada pudo impedirla. Si las gestiones que ahora está haciendo las hubiera hecho en la corte de distrito desde el principio o por lo menos en cuanto su transcripción estuvo aprobada, seguramente que una sola transcripción se hubiera elevado o la segunda estaría desde hace tiempo archivada pudiendo haberse celebrado el mismo día la vista de ambos recursos según la práctica de este tribunal se-

guida en todos los casos en que es advertido a tiempo por las partes interesadas.

*No ha lugar a la reconsideración.*