GÓMEZ Y VEGA SUCS., demandantes y apelados, *v.* TIBURCIO MERCED, demandado, JOSÉ MERCED, interventor y apelante.

No. 4086.—*Sometido:* Diciembre 9, 1926. *Resuelto:* Diciembre 10, 1926.

APELACIÓN Y ERROR—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD—CONTENIDO, PREPARACIÓN Y APROBACIÓN (*Settlement*) DE LA EXPOSICIÓN DEL CASO O RELACIÓN DE HECHOS—APROBACIÓN—DISCRECIÓN—EXPOSICIÓN DEFINITIVA RADICADA DESPUÉS DE VENCIDO EL TÉRMINO.—Archivada en tiempo una exposición del caso y propuestas y aprobadas enmiendas a la misma, el juez sentenciador tiene discreción para admitir y aprobar el nuevo docu-

mento contentivo de la exposición tal como quedó enmendada, aunque se radique después de vencido el término para ello.

MOCIÓN sobre RECONSIDERACIÓN de otra que declaró no haber lugar a la desestimación de la apelación solicitada por la apelada. *No ha lugar.*

*Carmelo Honoré,* abogado del apelante; *Adrián Agosto,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La parte apelada solicitó la desestimación del recurso por no haber archivado la parte apelante en tiempo la exposición del caso. Se opuso la parte apelante acompañando a su oposición una certificación creditiva de haberse aprobado por el juez la dicha exposición. Y la corte, por resolución de 6 de diciembre actual, declaró no haber lugar a la desestimación solicitada.

Se pide ahora a la corte que reconsidere su resolución de 6 de diciembre por basarse en un error de hecho consistente en dar por establecido que la exposición enmendada se archivó dentro de la prórroga concedida por el juez de distrito, cuando es lo cierto que al archivarse el expresado documento ya había vencido el término concedido por el juez.

Tiene razón la parte apelada en cuanto a la "exposición enmendada", pero como de los autos resulta que la exposición original fué archivada en tiempo y dicha exposición y las enmiendas propuestas formaban parte del récord como sostiene el juez de distrito en su resolución de 15 de noviembre último, la cuestión se reduce a estudiar y resolver si pudo o nó dicho juez admitir y aprobar el nuevo documento contentivo de la exposición tal como fué enmendada después de vencido el plazo que el mismo concediera para ello.

A nuestro juicio el juez tenía discreción para actuar en la forma en que lo hizo. No se trata de un término jurisdiccional. Todos los procedimientos se habían desarro-

llado de acuerdo con la ley. Sólo faltaba rehacer un documento ajustándolo a las enmiendas introducidas en el mismo. El 14 de octubre de 1926 se concedió a la parte que archivó el documento original diez días para que lo rehiciera. Poco después de vencido el término, el documento enmendado se presentó y el juez no por inadvertencia sino consignando los hechos en su resolución, decidió admitirlo y así lo hizo por orden de 15 de noviembre de 1926. La actuación del juez implica si no la prórroga del término concedido por ser técnicamente imposible, la concesión de un nuevo término sin que las circunstancias demuestren abuso alguno de discreción.

Siendo ello así, habiéndose archivado definitivamente una exposición del caso que fué aprobada el 15 de noviembre último, no ha vencido aún el término para radicar la transcripción en esta Corte Suprema y *no procede, por tanto, la desestimación del recurso.*

El Juez Asociado Sr. Hutchison no tomó parte en la resolución de este caso.