JOSÉ AGUSTÍN VINCENTY MARTÍNEZ, promovente y apelado, *v.* CARMEN VÁZQUEZ SÁNCHEZ, opositora y apelante y MARÍA DE LOS ANGELES, TERESA DE JESÚS, TERESA DE LOS DOLORES, FRUCTUOSO CONCEPCIÓN, LUISA TOMASA, ANDRÉS ROSENDO Y JOSEFA BLASINA OXÍOS Y VINCENTY, Y JOSEFA, CLAUDIO, PEDRO, CRUZ Y TERESA VINCENTY Y SEMIDEY, opositores y apelantes.

No. 4282.—*Visto:* Junio 11, 1927. *Resuelto:* Junio 14, 1927.

1. APELACIÓN Y ERROR—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD—CONTENIDO, PREPARACIÓN Y APROBACIÓN DE LA EXPOSICIÓN DEL CASO O RELACIÓN DE HECHOS—RADICACIÓN DEL TRANSCRIPT DE LA EVIDENCIA—TRANSCRIPT PREPARADO POR LOS ABOGADOS.—El hecho de haber sido preparada por los abogados la transcripción de la evidencia que certifica el taquígrafo como correcta, no la hace nula.

2. APELACIÓN Y ERROR—RÉCORD Y PROCEDIMIENTOS QUE NO ESTÁN EN RÉCORD—CONTENIDO, PREPARACIÓN Y APROBACIÓN DE LA EXPOSICIÓN DEL CASO O RELACIÓN DE HECHOS—RADICACIÓN DEL TRANSCRIPT DE LA EVIDENCIA—DEFECTOS EN LA MISMA—PRESENTACIÓN DE NUEVA TRANSCRIPCIÓN.—Una corte tiene plenas facultades para ordenar la presentación de una nueva transcripción de la evidencia por defectos encontrados en la que se radicó, sin que la orden implique la concesión de un nuevo término para presentar aquélla.

MOCIÓN sobre desestimación de apelación, interpuesta ésta contra sentencia de *Charles E. Foote,* J. (Mayagüez), en procedimiento sobre declaratoria de herederos. *No ha lugar.*

*L. Muñoz Morales y Angel A. Vázquez,* abogados de la opositora-apelante Vázquez Sánchez; *Benet y Souffront,* abogados de los opositores-apelantes Oxios Vincenty y Vincenty Semidey; *J. Sabater,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Carmen Vázquez, opositora-apelante, presentó una moción solicitando que se desestimara la apelación también establecida por María de los Angeles Oxíos y Vincenty y otros contra la misma sentencia de que ella recurrió, dictada en el caso iniciado por José Agustín Vincenty sobre declaratoria de herederos.

Su petición se basa en que ha vencido el término para archivar la transcripción porque si bien se está una tramitando, es nula, ya que la corte de distrito no tiene poder

para aprobarla dadas las circunstancias que han concurrido, a saber: haber sido preparada por los abogados de la parte apelante y no por el taquígrafo, y haberla desechado la corte ordenando al taquígrafo que preparara otra, orden de la corte, que, según la opositora Carmen Vázquez, virtualmente equivale a la concesión de un nuevo término.

María de los Angeles Oxíos y los otros interesados que con ella establecieron el recurso se oponen a la desestimación con lujo de argumentos y detalles. Después de estudiada la oposición y de oídos los amplios informes de los abogados de ambas partes, se impone una sola resolución: declarar sin lugar la moción de la opositora Carmen Vázquez.

Tratándose de apelaciones de una misma sentencia que habrían de basarse en transcripciones enteramente iguales y siguiendo el procedimiento aconsejado por la Corte de Circuito de Apelaciones del Primer Circuito en *Gandía* v. *Porto Rico Fertilizer Co.*, 291 Fed. 23, y por esta Corte Suprema en *Central Pasto Viejo, Inc.*, v. *Arturo Aponte, Jr.*, 34 D.P.R. 196, la apelante María de los Angeles Oxíos trató de ponerse de acuerdo con la apelante Carmen Vázquez para elevar una sola transcripción y fué Carmen Vázquez la que se opuso a ello.

[1] María de los Angeles Oxíos entonces por medio de sus abogados preparó una transcripción y la envió al taquígrafo. Este la certificó como correcta y fué archivada como tal en tiempo en la corte de distrito.

Se insiste por la opositora Carmen Vázquez en que por el hecho de haber sido preparada por los abogados la transcripción que certificó el taquígrafo, es nula *ab initio.* Está enteramente equivocada. Lo importante no es quién prepare la transcripción sino que la transcripción sea cierta y así lo certifique el taquígrafo.

[2] Establecido lo que antecede, cae por su base la contención de la opositora Carmen Vázquez. Al ordenar la corte de distrito al taquígrafo que presentara una nueva transcrip-

ción por haberse encontrado ciertos defectos, no concedió nuevo término alguno. Lo hizo dentro del curso ordinario del procedimiento sobre aprobación de pliegos de excepciones, exposiciones del caso y transcripciones de evidencia, y tenía, por tanto, plenas facultades para ello.

Recientemente en el caso de *Gómez y Vega, Sucs.,* v. *Merced,* 36 D.P.R. 62, esta corte resolvió que:

"Archivada en tiempo una exposición del caso y propuestas y aprobadas enmiendas a la misma, el juez sentenciador tiene discreción para admitir y aprobar el nuevo documento contentivo de la exposición tal como quedó enmendada, aunque se radique después de vencido el término para ello."

*Sin lugar la desestimación.*