Pedro Alfonso Reyes, menor representado por su padre con patria potestad, Feliciano Reyes, demandante, apelado y apelante, *v.* Alberto Aponte, Manuel y Críspulo Díaz, individualmente y haciendo negocios bajo la firma de Enrique Díaz & Hermanos, demandados, apelantes y apelados.

Núm. 8475.—*Sometido:* Mayo 4, 1942. *Resuelto:* Mayo 5, 1942.

F. R. Aponte, abogado del demandante, apelado y apelante; *Francisco Díaz Marxuach,* abogado de los demandados, apelantes y apelados.

El Juez Asociado Señor Todd, Jr. emitió la opinión del tribunal.

El 15 de abril de 1942 esta corte dictó una resolución en este caso declarando sin lugar la moción de desestimación presentada por los demandados apelados por el fundamento de que de una moción radicada por el demandante apelante aparecía que él había pagado al taquígrafo de la corte inferior la mitad de sus honorarios por preparar la transcripción de la evidencia que sirvió de base para que el juez de la corte inferior, que no fué el que intervino en el juicio, pudiera resolver el caso.

Los demandados apelados han solicitado la reconsideración de dicha resolución alegando bajo juramento que no es cierto que el demandante pagase al taquígrafo la certificación de la evidencia testifical del juicio en cuanto a la apelación se refiere, la que fué satisfecha íntegramente por los demandados para perfeccionar su apelación. Citadas las partes para una vista celebrada en el día de ayer para ser oídas sobre la moción de reconsideración y para en caso de que procediera la misma discutir la moción de desestimación, compareció únicamente el abogado de los demandados. Para sostener su moción presentó como prueba y fué admitida una certificación expedida por el taquígrafo de la corte inferior de la que aparece comprobado el hecho alegado por el demandante apelante al efecto de que transcribió el récord taquigráfico con el fin de someterlo al juez para que resolviera el caso y que recibió "de ambas partes el pago de sus honorarios", pero certifica además dicho taquígrafo:

"Que resuelto el caso por el Hon. Juez Benjamín Ortiz y habiendo los demandados establecido recurso de apelación para ante el Hon. Tribunal Supremo, estos solicitaron y obtuvieron de la Hon. Corte de Distrito de Humacao, P. R. una orden dirigida al suscribiente para que éste preparara la transcripción de la evidencia, la cual preparó y radicó en la Secretaría de la ya citada corte, habiendo recibido el pago de sus honorarios por este trabajo única y exclusivamente de parte de los demandados apelantes.

"Hago constar además, que los demandantes en el caso de epígrafe, han solicitado de mí la transcripción de evidencia en ninguna ocasión antes de esta fecha."

Presentó además dicho abogado un recibo creditivo de que pagó a dicho taquígrafo $40 importe del 50 por ciento del valor de la transcripción de evidencia y un cheque cancelado a favor del mismo taquígrafo como pago del valor de dicha transcripción a los fines de la apelación y además otro recibo por $15 pagados al Sr. Modesto Agosto, por conducto del Sr. Ernesto Méndez Soto, que así lo declaró, por preparar la transcripción de autos en este caso.

■■ Habiéndose establecido debidamente el hecho de que el demandante apelante no ha perfeccionado su apelación por no haber radicado en tiempo la transcripción de evidencia para sostenerla, y además que los demandados apelados en ningún momento han consentido en que dicho demandante apelante utilice la transcripción por ellos pagada y radicada para perfeccionar su apelación, el caso debe resolverse a base de la constante jurisprudencia de esta corte al efecto de que:

"Cuando ambas partes apelan de una sentencia, si una sola de ellas prepara y eleva la transcripción de los autos, y se opone a ello, la otra parte no puede valerse de dicha transcripción para sostener su recurso." *Forés* v. *Balzac,* 28 D.P.R. 3; *Pardo* v. *Pardo,* 19 D.P.R. 1188; *Central Pasto Viejo* v. *Aponte,* 34 D.P.R. 196;

regla que no fué variada en el caso de *Acevedo* v. *Domenech,* 49 D.P.R. 138, pues en él expresamente se dijo que " . . . la transcripción elevada por uno de los apelantes puede ser aprovechada por el otro *siempre que, como aquí sucede, consienta en ello el apelante que la eleva.*" (Bastardillas nuestras.)

En el caso de autos el demandante apelante en ningún momento ha demostrado que los demandados hayan consentido que la transcripción elevada por ellos pueda ser aprovechada por el demandante para perfeccionar su apelación. Por el contrario, en todo momento le han negado ese consentimiento.

*Por lo expuesto, se reconsidera nuestra resolución de abril 15, 1942; y se declara con lugar la moción de los demandados apelados y en su consecuencia se desestima el recurso establecido por el demandante apelante.*