NAZARIO, DEMANDANTE Y APELADO, *v.* SANTOS, JUEZ MUNICIPAL DE SAN GERMÁN, DEMANDADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en recurso de *certiorari.*

No. 1927.—Resuelto en febrero 24, 1919.

COSTAS EN CASOS CIVILES—FUNCIONARIOS PUBLICOS.—La Ley No. 17 regulando el cobro de derechos y costas en causas civiles en las cortes de distrito y municipales, aprobada en marzo 11, 1915, no contiene precepto alguno que exima o excuse del pago de los derechos fijados a los funcionarios públicos cuando éstos son parte en los procedimientos civiles.

CERTIORARI—APELACIÓN—NULIDAD—DESESTIMACIÓN DE APELACIÓN.—De acuerdo con la sección 6 de la Ley No. 17 de 1915, un escrito interponiendo apelación en un caso de *certiorari* que no lleva adheridos los sellos de rentas internas creditivos del pago de los derechos fijados por la ley, es nulo; y si con él como base se ha tramitado el recurso, la solicitud de la parte apelada para que éste se desestime, por tal motivo, debe ser declarada con lugar.

Los hechos están expresados en la opinión.

Abogado del demandante: *Sr. Angel A. Vázquez.*

Abogados del demandado: *Sres. Feliú & Alemañy.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Genaro Nazario presentó una solicitud en la Corte de Distrito de Mayagüez para que se expidiese un auto de *certiorari* dirigido contra William J. Santos, Juez Municipal de San Germán. El auto fué en efecto expedido y el caso resuelto en definitiva en favor del peticionario. El juez municipal apeló entonces para ante esta Corte Suprema y radicó en su secretaría la transcripción de los autos. Así las cosas, la parte apelada solicita la desestimación del recurso "porque esta honorable corte carece de jurisdicción para resolver el asunto en su fondo, porque el demandado apelante ha radicado un escrito de apelación que es completamente nulo."

La nulidad alegada consiste en que a dicho escrito no se adhirió el sello de rentas internas creditivo del pago de los derechos exigidos por la ley.

La parte apelante admite que no se adhirió el sello indicado y relata los hechos ocurridos así: que cuando fué a radicar su apelación, el secretario de la corte de distrito lo requirió para que depositara un sello de cinco pesos; que en efecto depositó el sello, pero hizo constar que en su opinión no debía exigírsele y sugirió al secretario la idea de consultar el caso al Fiscal General; que así lo hizo y dicho fiscal resolvió que el apelante no tenía obligación de pagar derecho alguno, dada su condición de funcionario público, y el secretario devolvió al apelante el sello que no había cancelado.

Veamos lo que dice la ley relativa a la materia, o sea la No. 17, regulando el cobro de derechos y costas en causas civiles en las cortes de distrito y municipales de Puerto Rico y para otros fines, aprobada el 11 de marzo de 1915. La sección 1 de dicha ley prescribe que todas las cantidades que se ingresen por concepto de derechos, se pagarán en sellos de rentas internas que los secretarios y marshals adherirán al

margen o al pie de los documentos registrados. La sección 2 fija el arancel. Según éste, por cada escrito de apelación de las cortes de distrito al Tribunal Supremo, deberán pagarse cinco dollars. Existe también esta otra partida: "O. Por cada escrito de apelación en recursos extraordinarios, dos dollars." Y, por último, la sección 6 dice textualmente "Todos y cada uno de los documentos o escritos que por esta Ley se requiere lleven un sello o sellos de rentas internas serán nulos y sin ningún valor y no se admitirán como prueba en juicio a menos que dichos sellos hayan sido fijados a los mismos."

Leída cuidadosamente toda la ley, en ninguna de sus secciones se exime del pago de los derechos fijados a los funcionarios públicos cuando éstos son parte en los procedimientos civiles, en casos de la naturaleza del presente. La parte interesada no ha citado como era su deber ninguna ley que contenga dicha exención ni jurisprudencia concreta aplicable y, en tal virtud, nos vemos obligados a decidir que tiene razón la parte apelada, porque siendo "nulo y sin ningún valor" el escrito interponiendo el recurso, éste no tiene existencia legal.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.