SUCESORES DE ABARCA, DEMANDANTES Y APELADOS, *v.* NONES ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en pleito sobre cobro de pagaré (traslado de causa).

No. 2685.—Resuelto en julio 3, 1922.

TRASLADO DEL PLEITO—JURISDICCIÓN—SUMISIÓN—CORTE COMPETENTE.—El hecho de que un demandado excepcionara la demanda enmendada y la contestara después de dictada la orden que negó el traslado del pleito solicitado por él y por su co-demandado y el de que conteste después de apelada dicha orden por ambos demandados, no pueden ser considerados, atendido el artículo 298 del Código de Enjuiciamiento Civil, como una sumisión a la corte ni como una renuncia de su derecho al traslado.

ID.—ID.—La corte ante la cual se presenta una moción de traslado carece de facultad para decidir cualquiera otra cuestión hasta que haya resuelto la de traslado.

ID.—RESIDENCIA DE LOS DEMANDADOS—FIANZA.—A y B, demandados para el cobro de un pagaré suscrito por el primero como deudor y por el segundo como fiador, solicitaron que el pleito fuera trasladado a la corte del distrito en que ambos residen. Según la obligación suscrita, A se sometió a la competencia de la corte donde fué radicada la demanda y B expresó en la misma lo siguiente: "Garantizo el pago del presente documento en las condiciones en él establecidas." *Se resolvió:* que tal expresión no envuelve una renuncia del fuero de domicilio por parte del fiador, por lo que el traslado debe ser decretado. *Royal Bank of Cánada* v. *A. McCormick*, 25 D. P. R. 123.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. C. Brunet.*

Abogado de los apelados: *Sr. H. G. Molina.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Sucesores de Abarca demandaron en la Corte de Distrito de San Juan, Segundo Distrito, a Adolfo Nones y a Luis Lorenzi para que le pagasen una deuda consignada en un pagaré suscrito por el primero y garantizado por el segundo.

Según el pagaré inserto en la demanda, Nones reconoce deber a Sucesores de Abarca, $3,747.37, suma de tres partidas que se comprometió a pagar en distintas fechas y por las cuales abonaría intereses del doce por ciento anual en el caso de mora y también las costas, gastos y honorarios de abogado en caso de reclamación judicial, diciéndose también en el pagaré lo siguiente: "Me someto expresamente a la competencia de los tribunales insulares de San Juan, P. R." Y al pie del pagaré suscribió el otro demandado lo que sigue: "Garantizo el pago del presente documento en las condiciones en él establecidas.—Luis Lorenzi."

Ambos demandados, por medio de un abogado, pidieron conjuntamente en tiempo y forma a la corte donde el pleito fué presentado que lo trasladase a la Corte de Distrito de Ponce por ser el lugar de su residencia y ejercitarse contra ellos una acción personal, y en 6 de febrero de 1922 la Corte de Distrito de San Juan, Distrito Segundo, dictó la siguiente resolución:

"Comparece solamente el abogado del demandante, Lcdo. Henry G. Molina, y después de informar oralmente, la corte declara desistido dicho demandante de su acción en cuanto al demandado Luis Lorenzi, continuándose los procedimientos contra el otro demandado Adolfo Nones; declara sin lugar la moción de traslado de los demandados en cuanto a dicho Adolfo Nones, y le concede cinco días al demandante para enmendar su demanda."

Notificado el abogado de los demandados de esa resolución y de la demanda enmendada en la que fueron eliminadas

las alegaciones que la anterior contenía con respecto a Luis Lorenzi, quien fué excluído como demandado, apelaron los demandados de la resolución dicha y Adolfo Nones presentó excepción previa contra la demanda enmendada.

Pendiente en este tribunal esa apelación nos pidió la parte apelada que la desestimáramos fundándose en que posteriormente Nones contestó la demanda enmendada, según certificación que nos presentó del secretario de la corte inferior, acto que según el apelado, así como el haber formulado excepción previa contra la demanda enmendada, es su sometimiento a la corte inferior y su renuncia de cualquier derecho que pueda tener al traslado del pleito. La vista de esta moción y la de la apelación fué celebrada en un solo acto y ambas cuestiones penden de nuestra resolución.

Como según el artículo 298 del Código de Enjuiciamiento Civil la formalización del recurso de apelación de una orden que conceda o rehuse conceder un cambio de lugar para la celebración del juicio no suspende los procedimientos en cuanto a la orden apelada, el hecho de que Adolfo Nones excepcionara la demanda enmendada presentada contra él después de dictada la resolución apelada y el de que la contestara después de establecida su apelación no pueden ser considerados como una sumisión a la corte inferior ni como su renuncia del derecho que trata de sostener por la apelación que tiene establecida, ya que la ley dispone que a pesar de tal apelación continúan los trámites del pleito, sujetos por consiguiente a las resultas de la apelación de tal manera que si la resolución fuera revocada la actuación posterior a su fecha no surte efectos legales, por lo que no debemos desestimar la apelación. *Santalís* v. *El Zenit,* 28 D. P. R. 695.

En cuanto a la apelación, los demandados alegan como único motivo de su recurso el siguiente: ''La corte erró al permitir la enmienda de la demanda, para impedir el traslado, y al denegar la moción de traslado.'' Este alegado error comprende en verdad dos: primero, que la corte in-

ferior no podía permitir la enmienda de la demanda; segundo, que debió conceder el traslado que se le pidió.

Una moción de traslado plantea a la corte la cuestión de que no tiene competencia para conocer del pleito por corresponder su conocimiento a otra corte y por esto la corte ante quien se presenta tal moción carece de facultad para decidir cualquiera otra cuestión hasta que haya resuelto la de traslado, pues si los demandados tienen derecho a él también lo tienen a que cualquier moción o procedimiento en el pleito sea resuelto por la corte de su residencia, por lo que fué errónea la resolución apelada al tener a los demandantes por desistidos de su acción en cuanto al demandado Luis Lorenzi sin haber resuelto previamente la petición de traslado hecha por los demandados. En el caso de *Brady* v. *The Times-Mirror Company*, 106 Cal. 56, que es igual al presente, pues oída una moción de traslado y antes de que fuera resuelta se permitió desistir de la demanda en cuanto a uno de los demandados, se resolvió esa cuestión de igual manera a como lo hacemos nosotros; y si bien los apelados dicen ahora que el caso no es igual porque la resolución se dictó después de oída la moción, esto no afecta a la cuestión, pues lo que impide que pueda resolverse otra cuestión es la presentación de la moción de traslado. También dicen los apelados que la resolución citada es errónea pero nosotros no la estimamos así. Alegan, además, que ellos tienen el derecho de desistir del pleito en cualquier tiempo antes del juicio, previo pago de costas, a menos que mediase una reconvención o que el demandado hubiera solicitado alguna resolución a su favor. Esto es cierto, pero los demandantes no desistieron del pleito teniendo que pagar las costas sino que se limitaron a desistir de su acción contra uno de los demandados, quedando el pleito en pie para ser continuado mediante la enmienda de la demanda.

Siendo errónea la resolución de la corte inferior en cuanto

a tener por desistidos a los demandantes de su acción contra uno de los demandados mientras estaba pendiente la petición de traslado que habían hecho, para resolver su apelación debemos tener en cuenta el pleito como si el desistimiento en cuanto a Lorenzi no hubiera sido resuelto por la corte inferior.

En este caso ambos demandados pidieron el traslado del pleito y si bien Adolfo Nones no tiene derecho a él por haberse sometido voluntariamente a la corte inferior, según los términos del pagaré que suscribió (*Gómez* v. *Toro,* 23 D. P. R. 642, y *Körber & Cía. Inc.* v. *Colón,* decidido el 9 de junio último) pág. 772, Luis Lorenzi tiene un claro derecho a que el pleito se vea en el lugar de su residencia, pues al decir en la obligación que él contrajo que garantizaba el pago del documento "en las condiciones en él establecidas" se refiere únicamente a las condiciones de la obligación, o sea, a las cantidades adeudadas, al tiempo de su pago, a satisfacer los intereses de mora al tipo que se dice y a pagar costas, gastos y honorarios de abogado; y no puede declararse que también se sometió a la competencia de los tribunales de San Juan porque siendo una renuncia de un derecho concedido por la ley debió hacerla constar expresamente para que surtiera efectos legales. Por consiguiente, de acuerdo con el artículo 81 del Código de Enjuiciamiento Civil, siendo todos los demandados por acción personal residentes de Ponce al tiempo de iniciarse la acción, debió ser trasladado el pleito a la corte de su residencia de acuerdo con la petición de Lorenzi, porque según dijimos en el caso de *Royal Bank of Canada* v. *A. McCormick,* 25 D. P. R. 123, "la residencia de los demandados o de algunos de ellos es la que regula la jurisdicción de las cortes de distrito en los casos a que alude el artículo 81. Si ninguno de los demandados reside dentro del distrito, la corte sólo puede adquirir jurisdicción por sumisión de las partes. Y si todos los demandados son partes necesarias y son todos

no residentes, la corte no puede adquirir jurisdicción por la sumisión de alguno o algunos de dichos demandados, sino que es necesaria la de todos ellos.''

Por las razones expuestas no ha lugar a desestimar la apelación, y la resolución apelada debe ser revocada, dictándose otra ordenando el traslado del pleito a la Corte de Distrito de Ponce.

> *Revocada la resolución apelada y ordenado el traslado del pleito a la Corte de Distrito de Ponce.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Hutchison y Franco Soto.

El Juez Asociado Sr. Wolf firmó: ''Conforme con la sentencia.''