Ortiz et al., Demandantes y Apelantes, *v.* San Miguel, Etc., Demandada y Apelada.

No. 3493.—*Visto:* Diciembre 8, 1924. *Resuelto:* Enero 27, 1925.

Desestimación de Apelación—Prórroga Ratificada—Cortes de Justicia: su Facultad para Convalidar una Orden que Quedó sin Firma.—Un juez de distrito tiene facultad para firmar una orden de prórroga debidamente solicitada y concedida, cuando por una inadvertencia no lo hizo, y dicha orden así convalidada surte sus efectos desde el momento en que fué realmente dictada.

Id.—Costas—Taquígrafo.—No existe ley que disponga que el escrito por virtud del cual el taquígrafo solicita prórroga para preparar la transcripción de la evidencia deba llevar adherido un sello de rentas internas de $5.

Moción sobre desestimación de apelación presentada por el apelado y del apelante sobre corrección de autos. *Sin lugar la desestimación permitiéndose la corrección de los autos.*

A. Arnaldo y H. F. Besosa, abogados de los apelantes; A. A. Vázquez, abogado de la apelada.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

Archivada ya la transcripción de los autos en este Tribunal, la parte apelada solicita la desestimación del recurso por dos motivos, 1, porque el taquígrafo radicó la transcripción de la evidencia después de vencido el término que se le concediera para ello, y 2, porque el escrito por virtud del cual el taquígrafo solicitó una prórroga no tiene adherido y

cancelado un sello de rentas internas por valor de cinco dólares.

La parte apelante se opuso alegando que la transcripción de la evidencia fué archivada por el taquígrafo dentro de una prórroga concedídale por el juez y que el sello de rentas internas no era necesario.

Para sostener su alegación en cuanto al primer motivo, pidió el apelante que se le permitiera corregir el récord adicionándole la copia certificada de la orden sobre prórroga, que dice:

"Por cuanto: Esta Corte con fecha 7 de junio del corriente año concedió al taquígrafo una prórroga de cuarenta días para que procediera a entregar el récord taquigráfico, cuyos cuarenta días habían de comenzar a contarse desde el diez de junio hasta el veinte de julio del corriente año;

"Por cuanto: Por una inadvertencia dicha orden no fué firmada por el Juez que provee;

"Por cuanto: En el día de hoy ha sido llamada la atención de esta Corte sobre la omisión de haber firmado la orden que dictó, y a la que se refiere el primer por cuanto;

"Por tanto, esta Corte declara que la orden de siete de junio del corriente año sobre concesión de prórroga al taquígrafo, queda ratificada, entendiéndose que dicha orden produce sus efectos desde el día siete de junio en que esta Corte la dictó, quedando subsanada la omisión de la firma, en la que se incurrió por inadvertencia.

"Mayagüez, Diciembre 1 de 1924.—(Firmado) Angel Acosta, Juez del Distrito."

¿Es válida la orden de la corte en los términos en que fué dictada y aparece ratificada?

Entendemos que sí. Según la certificación del secretario de la corte de distrito acompañada a su moción por la parte apelada, en los autos del caso aparece un escrito del taquígrafo de fecha 7 de junio, 1924, solicitando una prórroga de cuarenta días. Al pie de dicho escrito figura la orden accediendo a lo solicitado con la firma del juez en blanco. Pero el juez explica luego, en forma auténtica y fehaciente, lo ocurrido, asegurando que la orden fué dictada y quedó sin

firmar por una inadvertencia, motivo por el cual la ratifica. Lo que hizo el juez fué restablecer la verdad de lo ocurrido y para ello su facultad es clara.

No tiene razón el apelado en cuanto a la necesidad del sello de rentas internas. El caso de *Nazario* v. *Santos, Juez Municipal,* 27 D.P.R. 89, invocado, no es aplicable. El sello de cinco dólares se exige que se adhiera al escrito de apelación. Ley No. 17 de 1915 (pág. 45). El taquígrafo no interpuso la apelación. Gestionó algo dentro de la apelación ya interpuesta. El taquígrafo no es una parte en el litigio, sino un funcionario llamado a cumplir ciertos deberes en relación con el recurso interpuesto por la parte interesada. La cuestión es tan clara que la contención carece de mérito alguno.

Debe, en tal virtud, *declararse con lugar la moción sobre corrección de autos y sin lugar la moción de desestimación.*