CENTRAL VICTORIA, INC., demandante y apelada, *v.* WILLIAM P. KRAMER, JEFE DEL SERVICIO FORESTAL INSULAR, demandado y apelante.

No. 4677.—*Visto:* Julio 16, 1928.   *Resuelto:* Diciembre 24, 1928.

*Hon. Attorney General James R. Beverly, R. A. Gómez. Procurador General Auxiliar y F. Janer Arias, Sub-Procurador, abogados del apelante; Coll y Cuchí & Cruzado Silva, abogados de la apelada.*

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Se ha presentado por la parte apelada, Central Victoria, Inc., una moción para' que se desestime la apelación en este caso, porque el apelante no ha fijado o pagado, al radicar su escrito de apelación, ni en fecha alguna posterior, el sello de rentas internas por valor de $5 que se exige por la sección 6 de la Ley No. 17 de 1915, o sea el arancel judicial. Se acompaña a la moción una certificación del secretario de la corte de distrito que demuestra que tal sello de $5 no ha sido fijado, o entregado por el apelante.

Argumentando la moción, la apelada sostuvo que Kramer no está exento del pago de los derechos de arancel; que, dentro de este pleito de *injunction* este tribunal ha resuelto que Kramer no podía escudarse bajo el manto de El Pueblo de Puerto Rico para realizar los actos que se le imputaban, y que la expresión "Jefe del Servicio Forestal" era una *descriptio personae;* y se alegó la doctrina del caso *Nazario* v. *Santos,* 27 D.P.R. 89, y la de los casos *Paz* v. *Bonet,* 30 D.P.R. 920, y otros.

Por el demandado han comparecido, para oponerse a la desestimación, el Attorney General de Puerto Rico, el Procurador Auxiliar y el Sub-Procurador. Presentaron un alegato, sosteniendo que el demandado Kramer actúa en nombre, o como oficial, de El Pueblo de Puerto Rico, y que este último no viene obligado al pago de los sellos de rentas internas.

En la decisión en el caso *Central Victoria* v. *Kramer,* *supra,* se relatan los hechos ante esta corte. Se trataba de una demanda de Central Victoria, en la que se imputaban al demandado William P. Kramer ciertas invasiones de finca de la demandante, y se pedía un *injunction,* para prohibirle esos actos; en la demanda se alegó que el demandado sostenía que los terrenos de que se trataba eran de El Pueblo de Puerto Rico, y se hallaban bajo su custodia como Jefe del Servicio Forestal de Puerto Rico. El Fiscal General de Puerto Rico compareció ante la corte inferior, y fué contra la jurisdicción de la corte, por tratarse de una acción contra

El Pueblo de Puerto Rico, y no haber éste consentido en ser demandado. Así lo estimó la corte, y en ese sentido dictó sentencia. Este tribunal revocó la del inferior, entendiendo que la demanda imputa hechos torticeros de W. P. Kramer, realizados en terrenos de la demandante, y que el mencionarse su título oficial no era más que una descripción de su persona; y que alegada la posesión por parte de la demandante el caso cae dentro de la serie de decisiones que no suministran protección a un agente por el hecho de que él sea un funcionario.

Pero en este caso nos falta saber qué ocurrió en el procedimiento. ¿Apareció de éste que Kramer realizara ciertos actos por sí, o como funcionario de El Pueblo de Puerto Rico? ¿Los actos realizados por Kramer lo fueron dentro de sus funciones, o fuera de ellas? Esto no se conoce con la moción de la apelada, ni con la contramoción, o defensa del apelante. Y en esas condiciones, sería arriesgado resolver en el sentido que se pide. La parte apelada puede insistir en su petición, una vez que los autos de apelación se hallen ante nosotros.

*Se declara sin lugar la moción de desestimación.*