MANUEL GÓMEZ TEJERA, demandante y apelado, *v.* JUNTA EXAMINADORA DE INGENIEROS, ARQUITECTOS Y AGRIMENSORES, demandada y apelante.

No. 4879.—*Sometido:* Noviembre 21, 1929. *Resuelto:* Febrero 28, 1930.

*Attorney General, James R. Beverley* y *Felipe Janer, Subprocurador*, abogados de la apelante; *García Méndez & García Méndez*, abogados del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La parte apelada solicita que desestimemos esta apelación porque el escrito interponiéndola no tiene adherido el sello de rentas internas que requiere la ley y porque es frívola.

La Ley No. 17 de 1915 dispone que por cada escrito de apelación en recursos extraordinarios, como lo es el presente de *mandamus,* se pagarán dos pesos en sellos de rentas internas adheridos al escrito y que cualquier escrito que carezca de los sellos requeridos por esa ley será nulo y sin valor. En el escrito de la Junta Examinadora de Ingenieros, Arquitectos y Agrimensores interponiendo esta apelación no fué adherido sello alguno de rentas internas, por lo que la cuestión a resolver es si por eso es nula su apelación y debe ser desestimada.

La junta apelante fué creada por la Ley No. 31 de 1927 para expedir licencia a cualquier persona para dedicarse al

ejercicio de la ingeniería, arquitectura o agrimensura; la junta es nombrada por el Gobernador de Puerto Rico con el consejo y consentimiento del Senado Insular; tiene derecho a los servicios del Fiscal General de Puerto Rico en conexión con sus asuntos; usará un sello especial para los certificados y licencias que expida; tiene derecho a cobrar determinadas cantidades; ingresará su dinero en el Tesoro Insular, que se mantendrá en un fondo especial; y sus gastos serán pagados de ese fondo por comprobantes del Auditor de Puerto Rico.

Lo expuesto demuestra que esa junta es una dependencia del Gobierno de Puerto Rico y que por consiguiente no está obligada a pagar sellos de rentas internas porque El Pueblo de Puerto Rico no tiene que usarlos en sus asuntos. En el caso de *López* v. *Comisión de la Policía Insular,* 30 D.P.R. 866, se resolvió por análoga consideración que dicho organismo no tenía que adherir sello alguno de rentas internas a su escrito de apelación y nos negamos a la desestimación solicitada por falta de tal sello, siendo distinguido del caso de *Nazario* v. *Santos,* 27 D.P.R. 89, en que se funda el apelado; y en el caso de *Central Victoria* v. *Kramer,* 38 D.P.R. 981, si bien no se decidió definitivamente esa cuestión por no haberse demostrado suficientemente si el apelante Kramer actuaba o no como funcionario de El Pueblo de Puerto Rico, se deduce de su decisión que si actuaba en tal carácter no tenía que adherir sello alguno de rentas internas a su escrito de apelación. Por consiguiente la moción de desestimación no es sostenible por ese motivo.

La alegación de frivolidad de la apelación se funda en que antes de presentar la apelante su solicitud de traslado en la corte inferior solicitó y obtuvo de ésta que le prorrogase el término para presentar esa solicitud, cuestión que no es frívola, según veremos más adelante, ni tampoco la considera el apelado, ya que dedica una buena parte de su alegato a estudiarla, por lo que preferimos considerarla en el estudio de la apelación, con mayor motivo cuanto que la

vista del recurso por sus méritos tuvo lugar el mismo día que la de la moción para desestimar.

Los hechos en este caso son que Manuel Gómez Tejera presentó en la Corte de Distrito de Aguadilla una petición de *mandamus* contra la Junta Examinadora de Ingenieros, Arquitectos y Agrimensores para que se ordenase a esa junta que expidiera licencia al peticionario para trabajar como arquitecto, y que señalado día para que compareciera la demandada a mostrar causa por la cual no debe expedir la licencia solicitada, antes de llegar ese día, la junta solicitó de la Corte de Distrito de Aguadilla que le concediese una prórroga de diez días, contados desde la fecha señalada para su comparecencia, con el solo fin de presentar una moción de traslado. La prórroga solicitada fué concedida y dentro de ella fué presentada en esa corte la moción de traslado. Después de esto el peticionario solicitó de la corte que retuviese su jurisdicción por la conveniencia de los testigos, y en definitiva recayó resolución denegando el traslado, no porque la prórroga concedida a la demandada fuese obstáculo para solicitarlo sino por la conveniencia de los testigos. Contra esa resolución interpuso la parte demandada este recurso de apelación.

La apelante funda su recurso en que el traslado era procedente, como lo entendió la corte inferior, y que por esto no podía retener su jurisdicción por la conveniencia de los testigos, porque esta cuestión debía ser resuelta por la corte adonde el asunto debió ser trasladado, y no trata en su alegato la cuestión de si la prórroga que solicitó y obtuvo la sometió a la jurisdicción de la Corte de Distrito de Aguadilla porque entiende que siéndole favorable la resolución en ese extremo y adversa al peticionario, éste debió apelarla si quería que tal cuestión fuese considerada y resuelta por nosotros. En este particular no tiene razón la apelante, porque negando el traslado la resolución apelada era favorable al peticionario aunque sus fundamentos fuesen erróneos y porque estando ante nuestra consideración podemos examinar los méritos de

la resolución para decidir si es sostenible por algún motivo que la corte inferior no haya tenido en cuenta o que haya considerado erróneamente. Por esto podemos considerar en esta apelación si era improcedente el traslado porque la prórroga solicitada y obtenida por la demandada para pedir el traslado la sometió a la jurisdicción de la Corte de Distrito de Aguadilla.

No hay duda de que este procedimiento debió iniciarse en la Corte de Distrito de San Juan por ser la residencia de la demandada y por la clase de acción ejercitada y de que ésta tenía derecho a que fuese trasladada a dicha corte de acuerdo con el artículo 82 del Código de Enjuiciamiento Civil preceptivo de que si el distrito en que se establece la acción no es el en que deba seguirse el juicio podrá sin embargo continuarse en aquél a menos que el demandado, al comparecer a contestar o a formular excepción previa (o como dice el texto en inglés, al tiempo de comparecer y contestar o formular excepciones previas) presente una declaración jurada y fundada y pida por escrito que el juicio se celebre en el distrito correspondiente. Y como la junta demandada compareció ante la Corte de Distrito de Aguadilla para que le concediera una prórroga de tiempo para presentar su solicitud de traslado, aunque sólo para ese fin, surge la cuestión de si tal solicitud constituye una comparecencia general que le impide solicitar después el traslado a otro distrito; cuestión que debe ser considerada en relación con el artículo 323 del mismo código, preceptivo de que un demandado comparece en un pleito cuando contesta, opone excepción previa o notifica por escrito su comparecencia al demandante; o cuando su abogado hace constar su comparecencia por dicho demandado.

En el caso de *Aparicio Hnos.* v. *H. C. Christianson & Co.,* 23 D.P.R. 493, la demandada compareció al efecto de que previa prestación de fianza fuese levantado el embargo trabado en sus bienes sin que esa comparecencia especial pudiera con-

siderarse como general; y declaramos entonces que tal comparecencia aunque llamada especial era general y sometió al demandado a la jurisdicción de la corte e hicimos una cita del caso *In re* Clarke, 125 Cal. 302, algunos de cuyos particulares son los siguientes:

"De acuerdo con los principios generales la manifestación de que un demandado o parte hace una comparecencia especial no tiene importancia alguna . . . Si comparece y solicita algún remedio que solamente puede concederse a una parte en un caso que está pendiente o que el mismo sería un procedimiento ordinario en el caso, constituye esto una comparecencia general por mucho cuidado y a pesar de que expresamente se haya dicho que la comparecencia es especial. Es la naturaleza del remedio que se solicita y no la intención de la parte lo que constituirá o no la comparecencia general, que es esencial.

Y dijimos que las autoridades paracen ser de opinión que la única clase de comparecencia especial que existe es aquella en que el demandado comparece solamente para atacar la jurisdicción de la corte y que cualquiera otra comparecencia en la acción, aunque la llame especial, no queda sujeta a la intención de las partes en evitar someterse a la jurisdicción y que una comparecencia es especial cuando el demandado alega que la corte no ha adquirido jurisdicción sobre su propiedad, así, como cuando sostiene que no tiene jurisdicción sobre su persona. En términos generales, cualquier actuación de parte de un demandado, excepto para atacar la jurisdicción sobre su persona, que reconozca el caso en la corte constituirá una comparecencia general. 4 C. J. página 1333, párrafo 27: *Hernaiz Targa & Co.* v. *Vivas*, 20 D.P.R. 106; y *Ortiz* v. *Gómez*, 21 D.P.R. 507. En el caso de *Busó* v. *Borinquen Sugar Co.*, 19 D.P.R. 357, el demandado solicitó la separación de las causas de acción de la demanda y que se le concediera una prórroga para contestar. En la misma fecha presentó otra moción solicitando que el pleito fuese trasladado a otro distrito. La prórroga le fué concedida pero el traslado solicitado le fué negado por haberse sometido

a la jurisdicción de la corte. En el caso *U. S. Casualty Co.* v. *Méndez,* 38 D.P.R. 995, solicitó el demandado el traslado del pleito después de haber solicitado que se levantara el embargo trabado en sus bienes y se substituyera con una fianza y se le negó el traslado porque se había sometido a la jurisdicción de la corte.

Con respecto al caso concreto de solicitar prórroga antes de pedir el traslado, se ha considerado que esa petición es un reconocimiento de la jurisdicción de la corte, 4 C. J. 1339, párrafo 31, y nota 85-a; siendo la razón de esa regla que la prórroga es un favor que la corte sólo puede conceder a un demandado en la acción, y que pedir ese favor a la corte es una sumisión a su jurisdicción y equivale a una comparecencia general, demostrando tal circunstancia un abandono del derecho a controvertir esa jurisdicción. Para conceder o negar la prórroga la corte tiene que actuar en el ejercicio de su jurisdicción en el asunto. Cuando el demandado comparece y solicita un remedio que sólo puede ser concedido en la hipótesis de que la corte tiene jurisdicción, ésa es una sumisión a la jurisdicción de la corte. 2 Encyc. of Pleading & Practice, página 625. Es cierto que el departamento primero de la Corte Suprema de California decidió en el caso de *Powers* v. *Braly,* 75 Cal. 237, que una petición de prórroga no es una comparecencia general, pero en el caso de *State ex rel MacKey* v. *District Court,* 40 *Mont.* 359, en el cual se declara lo contrario, se cita el caso de *Powers* v. *Braly,* supra, siendo desaprobado.

Por todo lo expuesto, habiendo comparecido la demandada en este pleito a solicitar una prórroga de la Corte de Distrito de Aguadilla, aceptó la competencia de dicha corte y abandonó su derecho a solicitar que el caso fuese trasladado al distrito de su residencia. Sosteniéndose por ese motivo la resolución apelada es innecesario resolver la otra cuestión de la conveniencia de los testigos para que el caso quedase en la Corte de Distrito de Aguadilla.

*La resolución apelada debe ser confirmada.*