FRANCISCO ACEVEDO HERNÁNDEZ y PILAR DEFILLÓ RUIZ, demandantes y apelados, *v.* MANUEL V. DOMENECH, TESORERO DE PUERTO RICO y EL BANCO INDUSTRIAL DE PUERTO RICO, FRANCISCO FONT MANZANO, SÍNDICO, demandados y apelantes.

No. 6930.—*Sometido:* Diciembre 3, 1935. *Resuelto:* Diciembre 5, 1935.

*Hon. Procurador General B. Fernández García* y *R. Cordovés Arana, Procurador General Auxiliar,* abogados del Tesorero de Puerto Rico; *Largé, Acevedo & Lecároz,* abogados de los apelados; *Carlos Santana Becerra,* abogado del Síndico del Banco Industrial.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

El dos de diciembre en curso se vieron dos mociones presentadas por la parte apelada, una sobre corrección de autos y otra sobre desestimación del recurso.

Para sostener la primera alega el apelado que para que esta corte pueda resolver debidamente las cuestiones planteadas por los apelantes, es necesario que se unan a la transcripción copias de dos declaraciones juradas que se acompañaron a cierta moción sobre exención de fianza y del mandamiento dirigido al Registrador de la Propiedad de Aguadilla sobre anotación de la demanda debidamente diligenciado.

Tras un estudio cuidadoso, opinamos que debe declararse la moción con lugar en cuanto a las declaraciones y sin lugar en cuanto al mandamiento. Este es innecesario para la resolución del recurso.

Para pedir la desestimación el apelado alega que la transcripción de autos elevada es nula por no habérsele adherido los sellos de rentas internas que exige la ley, y que siendo nula dicha transcripción "este tribunal carece de jurisdicción para resolver el asunto en su fondo." Invoca las secciones 2 y 6 de la Ley núm. 17 de 1915 (pág. 45) y los casos de *Nazario* v. *Santos,* 27 D.P.R. 89 y *Polanco* v. *Sucesión Cumpiano,* 36 D.P.R. 603.

Se admite por los apelantes que la certificación de la transcripción de los autos elevada es una de aquellas que al librarse por el secretario de una corte de distrito debe llevar adheridos los sellos de rentas internas que exige la ley y que la librada en este caso por el secretario de la Corte de Distrito de Aguadilla no tiene adheridos dichos sellos,

pero se sostiene que eso no obstante es válida porque fué expedida a petición del demandado Manuel V. Domenech en su carácter de Tesorero de Puerto Rico hecha por medio de su abogado el Procurador General de la Isla, a los efectos de perfeccionar una apelación establecida contra sentencia dictada en un pleito en el que fué demandado en su carácter oficial.

Tras un examen de la ley y la jurisprudencia convenimos con los apelantes en que la resolución de la cuestión depende de si el Tesorero fué demandado como tal o de si se demandó a M. V. Domenech, meramente diciéndose que desempeñaba el cargo de Tesorero para describir su persona. Si se hizo lo primero, la certificación es válida; si lo segundo, es nula, pero aun en ese caso conservaría jurisdicción esta corte para conceder un nuevo término para perfeccionar el recurso.

Examinando la demanda ·base del pleito encontramos que la parte apelada la dirige contra "Manuel V. Domenech, Tesorero de Puerto Rico y El Banco Industrial de Puerto Rico, Francisco Font Manzano, Síndico", ejercitando en ella tres causas de acción, alegando en el hecho XI de la primera, "que a pesar de no ser de la propiedad del Tesorero ni de El Pueblo de Puerto Rico el pagaré e hipoteca antes mencionados ni estar dicho Tesorero facultado para su cobro, y en violación de la orden de la Corte de Distrito de San Juan que prohibe la ejecución de dicha hipoteca y de no exponerse hechos suficientes en el escrito inicial que determinen causas de acción por parte del Tesorero de Puerto Rico, éste siguió el procedimiento ejecutivo hipotecario de que se hace referencia en el hecho VI de esta causa de acción, y por orden de esta corte de fecha 2 de abril de 1932 fueron los aquí demandantes requeridos para que en el improrrogable plazo de 30 días, contados desde la fecha del requerimiento, paguen al Tesorero de Puerto Rico la suma de dos mil dollars ($2,000) de principal, sus intereses. . ."; en el hecho X de la segunda, "que el demandado Manuel V. Domenech, Tesorero de Puerto Rico, para el cobro de dicha hipoteca, ha iniciado

ante esta Hon. Corte un procedimiento ejecutivo hipotecario contra los aquí demandantes'' que fueron ''requeridos para que en el improrrogable plazo de 30 días, . . . paguen al Tesorero de Puerto Rico. . .'', y en el hecho VII de la tercera, ''que el demandado, Manuel V. Domenech, Tesorero de Puerto Rico, para el cobro de dicha hipoteca, ha iniciado ante esta Hon. Corte un procedimiento ejecutivo hipotecario contra los aquí demandantes'', siendo éstos requeridos para que ''paguen al Tesorero de Puerto Rico la suma de $2,000 de principal, . . .'' La súplica contiene varias peticiones. La primera, que se dicte sentencia declarando que ''el pagaré cuya ejecución se insta no es de la propiedad de El Pueblo de Puerto Rico ni de su Tesorero, y sí del Banco Industrial de Puerto Rico; . . .''

A nuestro juicio, no hay que ahondar más. Surge claro que el pleito se dirigió contra Manuel V. Domenech, Tesorero de Puerto Rico, como tal y no individualmente, y en el caso de *Gómez* v. *Junta Examinadora de Ingenieros,* 40 D.P.R. 662, 664, esta corte por medio de su Juez Asociado Sr. Aldrey, dijo:

''Lo expuesto demuestra que esa junta es una dependencia del Gobierno de Puerto Rico y que por consiguiente no está obligada a pagar sellos de rentas internas porque El Pueblo de Puerto Rico no tiene que usarlos en sus asuntos. En el caso de López v. Comisión de la Policía Insular, 30 D.P.R. 866, se resolvió por análoga consideración que dicho organismo no tenía que adherir sello alguno de rentas internas a su escrito de apelación y nos negamos a la desestimación solicitada por falta de tal sello, siendo distinguido del caso de Nazario v. Santos, 27 D.P.R. 89, en que se funda el apelado; y en el caso de Central Victoria v. Kramer, 38 D.P.R. 981, si bien no se decidió definitivamente esa cuestión por no haberse demostrado suficientemente si el apelante Kramer actuaba o no como funcionario de El Pueblo de Puerto Rico, *se deduce de su decisión que si actuaba en tal carácter no tenía que adherir sello alguno de rentas internas a su escrito de apelación.* Por consiguiente la moción de desestimación no es sostenible por ese motivo.''

La desestimación no procede, pues, en cuanto al Te-

sorero, pero se insiste en que procede en cuanto al banco. El banco no es funcionario ni agencia del Pueblo de Puerto Rico. Eso es evidente, pero también lo es que el banco apeló de acuerdo con la ley y que siendo una sola la sentencia apelada, la transcripción elevada por uno de los apelantes puede ser aprovechada por el otro siempre que, como aquí sucede, consienta en ello el apelante que la eleva. *No ha lugar tampoco a la desestimación del recurso establecido por el banco.*