Lope Valdespino Agostini, peticionario, apelante y apelado, *v.* Junta de Retiro de los Empleados del Gobierno Insular de Puerto Rico, demandada, apelada y apelante.

Núm. 9992.—*Sometido:* Abril 6, 1949. *Resuelto:* Abril 27, 1949.

*Hon. Procurador General Vicente Géigel Polanco* y *A. Torres Braschi, Procurador General Auxiliar,* abogados de la apelante y apelada; *Pascasio Fajardo Martínez,* abogado del apelado y apelante.

El Juez Asociado Señor Todd, Jr., emitió la opinión del tribunal.

El peticionario, que es apelante y apelado en este caso, solicita que se desestime la apelación establecida por la Junta de Retiro de los Empleados del Gobierno Insular de Puerto Rico porque la mencionada Junta no canceló en su escrito de apelación el sello de $5 de Rentas Internas, de acuerdo con la sección 2 de la Ley núm. 17 de 1915. (Leyes 1915, pág. 46.) (¹)

El peticionario admite en su moción que la Junta apelante es una dependencia del Gobierno Insular pero alega que tiene "personalidad individual hasta tal extremo que puede ser demandada y demandante, independientemente, sin previa autorización judicial, (sic) ni requisito otro alguno."

La sección 16 de la Ley núm. 23 de 16 de julio de 1935 (Segunda Sesión Extraordinaria, pág. 127) creando la Junta de Retiro, dispone que:

"Sección 16.—Para dar cumplimiento a las disposiciones de esta Ley, se crea una Junta que se llamará 'Junta de Retiro', la que desempeñará los deberes que por esta Ley se le señalan, y se compondrá del Tesorero de Puerto Rico, como presidente ex officio, y de cuatro funcionarios o empleados comprendidos en esta Ley, designados por el Gobernador de Puerto Rico. El término del cargo de los miembros de esta junta será de cuatro (4) años; *Disponiéndose,* que al nombrarse una nueva junta, el Gobernador designará por un nuevo término por lo menos a uno de los miembros de la junta saliente. La Junta de Retiro elegirá de su seno un vice-

---

(¹)De acuerdo con la sección 2, letra O de dicha Ley, tratándose en el presente de un escrito de apelación en recurso extraordinario la Junta sólo tendría que pagar un sello de rentas internas de $2 en caso que procediere y no de $5 como alega el peticionario.

presidente y un secretario, y nombrará el personal de oficina necesario para los fines de esta Ley y fijará su compensación. A este efecto y para los gastos de oficina, equipo, material de escritorio, etc., se dispondrá de una suma no mayor de cinco mil ' (5,000) dólares anuales con cargo al Fondo de Retiro, pudiendo, sin embargo, en caso que sea necesario realizar estudios económicos relacionados con la solvencia del Fondo de Retiro, disponer de un crédito adicional de cinco mil (5,000) dólares, mediante la aprobación del Gobernador de Puerto Rico. Los empleados nombrados por la Junta de Retiro podrán acogerse a los beneficios de esta Ley. El Comisionado del Interior proveerá a la Junta de Retiro del local necesario para la instalación de su oficina.''

La Junta de Retiro, por lo tanto, fué creada "para dar cumplimiento a las disposiciones de esta Ley." ¿Qué fin tiene la Ley núm. 23 de 1935? Sencillamente establecer, por distintos motivos, el retiro de los funcionarios y empleados permanentes del Gobierno Insular de Puerto Rico; proveer la forma en que, de los sueldos de dichos funcionarios y empleados, el Auditor de Puerto Rico deducirá el 3 por ciento y que las cantidades así deducidas se acreditarán en los libros de Tesorería de Puerto Rico a una cuenta que se llamará Fondo de Retiro de los Funcionarios y Empleados del Servicio Civil de Puerto Rico (Sec. 13); y asignar una cantidad anual para engrosar dicho Fondo de Retiro. Se impone a la Junta la administración de estos fondos al conceder las rentas vitalicias a los funcionarios y empleados retirados y la obligación de rendir un informe anual al Gobernador de Puerto Rico.

La Junta, como hemos visto, está compuesta del Tesorero de Puerto Rico, como presidente ex officio, y de cuatro funcionarios o empleados nombrados por el Gobernador por un término de cuatro años.

Hemos resuelto que los fondos a que están acreditados en Tesorería los descuentos que se hacen a los funcionarios y empleados bajo la Ley de Retiro de 1935 constituyen fondos públicos y que dichos descuentos no forman parte del ingreso

bruto tributable de los funcionarios y empleados bajo la Ley de Contribuciones sobre Ingresos. *Buscaglia, Tes.* v. *Tribl. de Contribuciones,* 67 D.P.R. 568.

Hemos resuelto, además, que la Junta Examinadora de Ingenieros, Arquitectos y Agrimensores y la Comisión de la Policía Insular, por ser dependencias del Gobierno Insular, no están obligadas a pagar los derechos que provee la Ley núm. 17 de 1915. *Gómez* v. *Junta Exam. de Ingenieros, Etc.,* 40 D.P.R. 662 y *López* v. *Comisión de la Policía Insular,* 30 D.P.R. 806. *Cf. Acevedo* v. *Domenech, Tesorero,* 49 D.P.R. 138.

Con mayor razón, vistas las anteriores disposiciones de la Ley núm. 23 de 1935, consideramos que la Junta de Retiro aquí apelante es una dependencia del Gobierno Insular de Puerto Rico y, por lo tanto, no venía obligada a cancelar un sello de Rentas Internas de $2 en su escrito de apelación.

*Se declara sin lugar la moción.*

El Juez Asociado Sr. Negrón Fernández no intervino.