ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL
(2025-031)

| JOSÉ ANTONIO PADILLA OYOLA, MARÍA ISABEL PADILLA MARTÍNEZ y la sociedad legal de gananciales compuesta por ellos,<br><br>Peticionaria,<br><br>v.<br><br>BRENDA MALDONADO PADILLA,<br><br>Recurrida. | TA2025CE00590 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón.<br><br>Civil núm.: BY2023CV02898.<br><br>Sobre: incumplimiento de contrato. |

Panel integrado por su presidente, el juez Hernández Sánchez, la jueza Romero García y la jueza Martínez Cordero.

Romero García, jueza ponente.

SENTENCIA

En San Juan, Puerto Rico, a 4 de noviembre de 2025.

La parte peticionaria, compuesta por el señor José Antonio Padilla, la señora María Isabel Padilla Martinez y la sociedad legal de bienes gananciales compuesta por ambos (señores Padilla), presentó su recurso de *certiorari* el 6 de octubre de 2025. Nos solicita que revisemos y revoquemos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 5 de septiembre de 2025, notificada en esa misma fecha.

Mediante el referido dictamen, el foro primario determinó que, si bien la parte recurrida, señora Brenda Maldonado Padilla (señora Maldonado), a quien se le había anotado la rebeldía por no presentar alegación responsiva en el término dispuesto luego de ser emplazada, **no** podría presentar prueba a su favor durante la vista celebrada en rebeldía, aunque **sí** podría contrainterrogar a los testigos presentados por los señores Padilla.

Por los fundamentos expuestos a continuación, **expedimos** el auto de *certiorari* y **confirmamos** la resolución recurrida.

I

El 24 de mayo de 2023, los señores Padilla presentaron una demanda contra la señora Maldonado por incumplimiento de contrato, cobro de dinero, daños y perjuicios[1]. Tras los tramites procesales de rigor, el 27 de febrero de 2024, el Tribunal de Primera Instancia dio por cumplida su orden sobre el emplazamiento por edicto a la señora Maldonado[2].

Transcurrido el termino para que la señora Maldonado contestara la demanda, el 2 de abril de 2024, los señores Padilla solicitaron al foro primario que le anotara la rebeldía. En consecuencia, ese mismo día, el foro primario declaró con lugar la referida solicitud.

Ahora bien, el 2 de agosto de 2024, la señora Maldonado presentó tres mociones. La primera, intitulada *Moción asumiendo representación legal*; la segunda, para solicitar que se dejara sin efecto la anotación de rebeldía y para solicitar la desestimación de la demanda por presunta falta de jurisdicción sobre la persona; y, en la tercera, solicitó la conversión de la vista en rebeldía a una sobre el estado de los procedimientos. Cabe resaltar que, en todas sus mociones, la señora Maldonado aclaró que no se sometía a la jurisdicción del tribunal[3].

No obstante, el 27 de septiembre de 2024, el Tribunal de Primera Instancia declaró sin lugar la solicitud para dejar sin efecto la anotación de rebeldía[4].

En lo pertinente a la controversia ante nuestra consideración, el tribunal señaló la celebración de la vista en rebeldía para el 4 de septiembre de 2025. Ello fue notificado a las partes litigantes, quienes comparecieron con sus respectivos representantes legales. Según surge de la minuta[5], los señores Padilla arguyeron que, al amparo de lo resuelto por el Tribunal

---

[1] *Véase,* entrada núm. 1. Para facilitar la compresión de esta sentencia haremos referencia al expediente del recurso en el *Sistema Unificado de Manejo y Administración de Casos* (SUMAC) del Tribunal de Primera Instancia.

[2] *Íd.*, entrada núm. 24.

[3] *Íd.*, entradas núm. 30-31.

[4] *Íd.*, entrada núm. 58.

[5] *Íd.*, entrada núm. 85.

Supremo de Puerto Rico en *Mitsubishi Motor v. Lunor y otros*, 212 DPR 807 (2023), y la Regla 46.1 de Procedimiento Civil, 32 LPRA Ap. V, la señora Maldonado, contra quien pesaba una anotación en rebeldía por presunta incomparecencia, no ostentaba derecho a presentar prueba a su favor, contrainterrogar testigos, ni a impugnar las cuantías reclamadas. No obstante, sometido el asunto, el foro *a quo* determinó que la señora Maldonado sí tenía derecho a contrainterrogar a los testigos que presentaran los señores Padilla.

Ante el aviso de los señores Padilla sobre su intención de recurrir de la referida determinación, el 5 de septiembre de 2025, el Tribunal de Primera Instancia emitió y notificó la resolución objeto de este recurso[6].

El 5 de octubre de 2025, los señores Padilla presentaron su petición de *certiorari* y formularon los siguientes señalamientos de error:

> Erró el Honorable Tribunal de Primera Instancia al indicar que la parte demandada en rebeldía le cobija el derecho a conocer del señalamiento.
>
> Erró el Honorable Tribunal de Primera Instancia al indicar que la parte demandada tiene derecho a asistir a la vista.
>
> Erró el Honorable Tribunal de Primera Instancia al indicar que la parte demandada tiene derecho a contrainterrogar los testigos de la parte demandante.
>
> Erró el Honorable Tribunal de Primera Instancia al indicar que la parte demandada tiene derecho a impugnar la cuantía y apelar la sentencia.

El 20 de octubre de 2025, la parte recurrida presentó su oposición a la expedición del recurso.

Con el beneficio de la comparecencia de las partes, resolvemos.

II

A

Distinto al recurso de apelación, el tribunal al que se recurre mediante *certiorari* tiene discreción para atender el asunto planteado, ya sea expidiendo el auto o denegándolo. Véase, *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011); *García v. Padró*, 165 DPR 324,

---

[6] *Véase*, entrada núm. 84.

334 (2005). Así pues, el *certiorari* es un recurso extraordinario cuya característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

Ahora bien, la discreción para entender en el recurso de *certiorari* no se ejerce en el vacío. La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional; a decir:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

Cual reiterado, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción, o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Lluch v. España Service,* 117 DPR 729, 745 (1986).

B

La anotación de rebeldía es un mecanismo procesal que procura "disuadir a aquellos que recurran a la dilación de los procedimientos como una estrategia de litigación". *González Pagán v. Moret Guevara*, 202 DPR

1062 (2019); *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580 (2011). A esos efectos, en nuestro ordenamiento jurídico, la Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, establece los escenarios en que procede imponer la anotación de rebeldía, así como sus efectos. En lo pertinente, dispone:

> Cuando una parte contra la cual se solicite una sentencia que conceda un remedio afirmativo haya dejado de presentar alegaciones o **de defenderse en otra forma** según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o Secretaria anotará su rebeldía.
>
> El tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).
>
> **Esta anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b).**
>
> La omisión de anotar la rebeldía no afectará la validez de una sentencia dictada en rebeldía.

(Énfasis nuestro).

Al analizar la precitada regla, el Tribunal Supremo de Puerto Rico ha expresado que el primer párrafo permite la anotación de la rebeldía por **incomparecencia**, y dispuso que **esto ocurre cuando la parte demandada no comparece después de haber sido emplazada, no se defiende mediante moción ni presenta oportunamente la contestación a la demanda**. *Mitsubishi Motor v. Lunor y otros*, 212 DPR, a la pág. 823.

En cuanto al segundo párrafo de la Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V, el Tribunal Supremo aclaró que con este se autoriza a que, de acuerdo con la Regla 34.3(b)(3) de Procedimiento Civil, el tribunal anote la **rebeldía como sanción**. Es decir, sostuvo que el foro primario debe declarar incursa en rebeldía a la parte demandada si esta "se niega a descubrir su prueba después de habérsele requerido mediante los métodos de descubrimiento de prueba, o simplemente cuando una parte ha incumplido con alguna orden del tribunal". *Mitsubishi Motor v. Lunor y otros*, 212 DPR, a las págs. 823-824. Una vez anotada la rebeldía, se darán por admitidos **todos los hechos bien alegados en la demanda** o la

alegación que se haya formulado en contra del rebelde, y se autoriza al tribunal para que dicte sentencia, si esta procede como cuestión de derecho. *Mitsubishi Motor v. Lunor y otros*, 212 DPR, a la pág. 824.

De otra parte, la Regla 45.2(b) de Procedimiento Civil, 32 LPRA Ap. V delimita los casos en que los Tribunales podrán dictar una sentencia en rebeldía. En lo pertinente, dispone:

.        .        .        .        .        .        .        .        .

> En todos los demás casos la parte con derecho a una sentencia en rebeldía la solicitará del tribunal, pero no se dictará sentencia en rebeldía contra un(a) menor o una persona incapacitada a menos que estén representados(as) por el padre, madre, el tutor(a), el defensor(a) judicial u otro(a) representante que haya comparecido en el pleito. **Si para que el tribunal pueda dictar sentencia [en rebeldía] o para ejecutarla se hace necesario fijar el estado de una cuenta, o determinar el importe de los daños, o comprobar la veracidad de cualquier aseveración mediante prueba o hacer una investigación de cualquier otro asunto, el tribunal deberá celebrar las vistas que crea necesarias y adecuadas** o encomendar la cuestión a un comisionado o una comisionada. **Cuando la parte contra la cual se solicita sentencia en rebeldía haya comparecido en el pleito, dicha parte será notificada del señalamiento de cualquier vista en rebeldía que celebre**.

(Énfasis nuestro).

Sobre lo dispuesto en la referida regla, en *Mitsubishi Motor v. Lunor y otros*, 212 DPR 807 (2023), el Tribunal Supremo de Puerto Rico reiteró la postura establecida en *Continental Ins. Co. v. Isleta Marina*, 106 DPR 809, 815 (1978), respecto a la norma de que un trámite en rebeldía por - incomparecencia o como sanción - tiene la repercusión de que se estimen aceptadas y ciertas todas las materias bien alegadas en la demanda. De igual forma, reiteró su pronunciamiento en *Rivera v. Goytía*, 70 DPR 30, 33 (1949), respecto a los derechos que le asisten a quienes se le ha anotado la rebeldía. En particular, el Tribunal expresó lo siguiente:

> **[C]on referencia a una parte demandada en rebeldía — que ha comparecido previamente— le cobija el derecho a conocer del señalamiento, asistir a la vista, contrainterrogar los testigos de la parte demandante, *impugnar la cuantía* y apelar la sentencia. No renuncia a las defensas de falta de jurisdicción ni de que la demanda no aduce hechos constitutivos de una causa de acción en favor del reclamante**. [...] En otras palabras, un trámite en rebeldía no garantiza [,] *per se*, una sentencia favorable al demandante; **el demandado no admite hechos**

> **incorrectamente alegados como tampoco conclusiones de derecho**.

*Mitsubishi Motor v. Lunor y otros*, 212 DPR, a las págs. 825- 826, citando de *Continental Ins. Co. v. Isleta Marina*, 106 DPR, a la pág. 817. (Énfasis nuestro; bastardillas y subrayado en el original).

III

La controversia planteada por la parte peticionaria mediante sus cuatro señalamientos de error se reduce a dirimir si la señora Maldonado, no habiéndose sometido nunca a la jurisdicción del Tribunal de Primera Instancia y habiéndosele anotado la rebeldía, ostenta o no derecho a que se le notifique de la celebración de la vista en rebeldía y a contrainterrogar a los testigos que presenten los señores Padilla.

Los señores Padilla aducen que, en la medida en que la señora Maldonado no se sometió a la jurisdicción del tribunal, nunca compareció al pleito, ni ejercitó su derecho a defenderse. Por tanto, la modalidad de anotación de rebeldía impuesta fue por incomparecencia, y sus consecuencias debían ser cónsonas con ello. Es decir, que el foro primario debió concluir que la señora Maldonado renunció a toda notificación posterior. Concluye que, sostener lo contrario, contravendría los dispuesto en las Reglas 45.1 y 46.1 de Procedimiento Civil, 32 LPRA Ap. V, así como lo resuelto en *Mitsubishi Motor v. Lunor y otros,* 212 DPR 807 (2023).

De otro lado, si bien reconoce que, por dilucidarse el caso en rebeldía, el foro primario podía celebrar las vistas necesarias y no venía obligado a conceder las indemnizaciones tal cual surgen de la demanda instada; no obstante, insiste en que el tribunal no podía permitir que la señora Maldonado contrainterrogara a los testigos que en su momento presentara la parte demandante, aquí peticionaria.

Por su parte, la señora Maldonado arguye que la interpretación propuesta por la parte peticionaria es ajena al texto de la Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V. Plantea que la aludida regla le ofrece el mismo tratamiento al litigante que no presenta alegación responsiva alguna, como al que incumple con las reglas sobre descubrimiento de prueba. En específico, que se den por admitidas las aseveraciones bien

alegadas de la demanda, sujeto a lo dispuesto en la Regla 45.2(b) de Procedimiento Civil, 32 LPRA Ap. V. De igual forma, sostiene que, distinto a lo planteado por los señores Padilla, esa fue la misma conclusión a la que llegó el Tribunal Supremo de Puerto Rico en *Mitsubishi Motor v. Lunor y otros,* 212 DPR 807 (2023).

No obstante, la diferenciación expuesta por el Tribunal Supremo de Puerto Rico nada discute sobre el poder del tribunal para conceder a la parte en rebeldía un turno para contrainterrogar a los testigos en una vista para dirimir aquello relacionado a las alegaciones de daños, sufrimientos y angustias mentales y las que tienen una cuantía en dinero.

En síntesis, el precitado caso meramente ilustra que, conforme al derecho aplicable, hay dos instancias en que un tribunal puede anotarle la rebeldía a una parte. La primera, siendo aquella en que la parte no comparece, pues no presentó moción alguna y no formuló la contestación o la alegación que correspondiera dentro del tiempo para ello. La segunda, cuando la parte demanda comparece, pero deja de presentar alegaciones o defenderse de otra forma. Sostiene que esta última se trata del caso en que el demandado comparece mediante alguna moción y posteriormente no formula su contestación o la alegación que corresponda a tiempo.

De otra parte, no podemos obviar que, en nuestro ordenamiento jurídico, se admite la comparecencia sin someterse a la jurisdicción del tribunal. Esta es conocida como una comparecencia especial y es aquella mediante la cual una parte demandada alega que el tribunal no ha adquirido jurisdicción sobre su propiedad o sobre su persona[7]. Ello fue lo que ocurrió en este caso.

Según expusimos, la señora Maldonado compareció al pleito sin someterse a la jurisdicción del tribunal, previo a que se señalara la vista en rebeldía. Por tanto, concluimos que la absoluta incomparecencia a la que se refieren los señores Padilla no es aquélla a la que se refiere la Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V.

---

[7] *Gómez v. Junta examinadora de Ingenieros*, 40 DPR 662 (1930).

Finalmente, reiteramos que el Tribunal de Primera Instancia fue enfático al declarar que la señora Maldonado no tiene derecho a un turno de prueba a su favor. Sin embargo, aun cuando se le hubo anotado la rebeldía, el tribunal correctamente interpretó que ello no obvia el trámite de dirimir la credibilidad sobre múltiples hechos que están en controversia y sujetos al desfile de prueba.

Conforme lo anterior, concluimos que el Tribunal de Primera Instancia no cometió los errores apuntados por la parte peticionaria.

IV

Por los fundamentos expuestos, expedimos el auto de *certiorari* y confirmamos la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones