ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| CPD, LLC<br><br>Recurrido<br><br>V.<br><br>IGLESIA DE DIOS PENTECOSTAL LUZ Y SALVACIÓN DE CAYEY, INC. Y OTROS<br><br>Peticionarios | KLCE202400050 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>CASO NUM. G2CI201300218<br><br>Sobre: Ejecución de Hipoteca y Cobro de Dinero |

Panel integrado por su presidente, el Juez Rodríguez Casillas, el Juez Salgado Schwarz y el Juez Ronda Del Toro

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico, a 14 de febrero de 2024.

Este *Recurso de Certiorari* fue presentado por Iglesia de Dios Pentecostal Luz y Salvación de Cayey, Inc. (la parte peticionaria) el 16 de enero de 2024.

El Recurso se trae contra una Resolución emitida el 16 de octubre de 2023, notificada el 18 de octubre de 2023, en la cual, luego de una vista argumentativa, declaró No Ha Lugar la Moción de la parte peticionaria titulada Moción Urgente Asumiendo Representación y Solicitando Nulidad de Procedimientos Post Sentencia.

La parte recurrida, CPD, LLC, ha comparecido y procedemos a expedir el auto solicitado y revocar la Sentencia. Veamos.

## I.

El 29 de julio de 2013 se presentó esta demanda ante el TPI por el acreedor original, Doral Bank, en adelante Doral. La demanda es sobre cobro de dinero y ejecución de hipoteca. A los

peticionarios se les diligenció debidamente el emplazamiento y estos presentaron su contestación a la demanda, a través de abogado, el 25 de octubre de 2013.

El 28 de abril de 2014 Doral presentó una Solicitud de Sentencia Sumaria ante el TPI, contra los peticionarios. El 29 de abril de 2014, notificada a todas las partes a través de sus abogados, el 30 de abril de 2014, el TPI emite Orden que decreta que los peticionarios replicaran dentro de veinte (20) dias dicha solicitud.

El 12 de mayo de 2014, se celebró ante el TPI Vista sobre el Estado Procesal del caso a la que todas las partes comparecieron a través de sus abogados. Además, el abogado de los peticionarios indicó que aun estaba en tiempo para presentar su oposición, la que presentó el 13 de junio de 2025.

El TPI decretó No Ha Lugar la Solicitud de Sentencia Sumaria y la notificó a todos los abogados de las partes.

Continuó el trámite procesal y el 26 de enero de 2015, se celebró la Conferencia con Antelación al Juicio, a la cual compareció Doral, por conducto de su representación legal. Sin embargo, el Lcdo. Santiago Burgos, en ese entonces abogado de la hoy peticionaria, no compareció en representación de estos. No obstante, según se desprende de la Minuta, "[e]l tribunal informó que el Lcdo. Luis A. Santiago Burgos se comunicó vía telefónica e indicó que se encuentra indispuesto de salud". Véase, Apéndice Peticionarios, pág. 6.

El 9 de marzo de 2015, según notificada el 11 de marzo de 2015, el TPI emitió una Resolución y Orden mediante la cual recalcó, entre otros asuntos, que la Lcda. Olmo Ríos, en

representación de Doral, compareció a la Conferencia con Antelación al Juicio, pero que ni los Peticionarios ni su representación legal comparecieron a la misma. Por tanto, el TPI dispuso un término de diez (10) días "para exponer las razones por la cual no deba anotársele la rebeldía a la parte demandada eliminando las alegaciones de la demanda y dictar sentencia por el incumplimiento de las órdenes del Tribunal y por la falta de interés en este asunto". Dicha Resolución fue notificada solamente al Lcdo. Santiago Burgos a la siguiente dirección: PO Box 375395, Cayey, Puerto Rico 00737. Ya el TPI debía sospechar que algo ocurría a la representación legal de la parte peticionaria que ameritaba asegurarse que el cliente del Lcdo. Santiago Burgos conocía lo que sucedía en el caso. Véase, Apéndice Peticionarios, págs. 10-11.

El 14 de mayo de 2015, según notificada el 15 de mayo de 2015, el TPI emitió una Orden mediante la cual concedió un término adicional de quince (15) días a los Peticionarios para cumplir con la Orden emitida el 9 de marzo de 2015, "so pena de imponer sanciones o anotarle rebeldía y dictar sentencia". Dicha Orden fue debidamente notificada al Lcdo. Santiago Burgos a la siguiente dirección: PO Box 375395, Cayey, Puerto Rico 00737. Tampoco se le notificó a los aquí peticionarios. Véase, Apéndice Peticionarios, págs. 14-15.

Pasado los términos concedidos por el TPI, sin respuesta alguna del abogado de los Peticionarios y sin saber si la parte ahora peticionaria conocía el proceder de su abogado en el caso,

el 9 de septiembre de 2015, notificada el 10 de septiembre de 2015, el TPI dictó Sentencia Sumaria (en Rebeldía) a favor de Doral, declarando "Con Lugar" la Demanda y ordenando la venta en pública subasta de la propiedad hipotecada.  La Sentencia Sumaria fue solamente notificada al Lcdo. Santiago Burgos a la siguiente dirección: PO Box 375395, Cayey, Puerto Rico 00737. Nunca se le notificó a la parte que el Lcdo. Santiago Burgos representaba.  Véase, Apéndice Peticionarios, págs. 18-24.

El 1 de octubre de 2015, los Peticionarios, por conducto del Lcdo. Santiago Burgos, presentaron una Moción Solicitando Relevo de Sentencia Por Falta de Jurisdicción.

Véase, Apéndice al Escrito de Oposición de la Parte Recurrida, págs. 056-057. (Énfasis suplido).

El 16 de octubre de 2015, la parte demandante en aquel momento, Bautista Cayman Asset Company (en adelante, "Bautista") presentó ante el TPI una Oposición a Moción Solicitando Relevo de Sentencia Por Falta de Jurisdicción. En la misma, Bautista reclamó que el TPI tenía jurisdicción para atender el caso toda vez que, en su Moción para Sustituir Parte Demandante, presentada el 29 de abril de 2015, se informó que el 27 de febrero de 2015, la Oficina del Comisionado de Instituciones Financieras cerró las operaciones de Doral Bank y nombró síndico liquidador a la FDIC. Para el 25 de marzo de 2015, adquirió del síndico, las facilidades de crédito objeto de la presente acción, anteriormente de Doral. Adicionalmente, Bautista reiteró que la falta de interés y el incumplimiento por parte de los Peticionarios con las órdenes del Tribunal llevó a éste a dictar Sentencia Sumaria en su contra. La mencionada oposición

fue debidamente notificada al Lcdo. Santiago Burgos a la siguiente dirección: PO Box 375395, Cayey, Puerto Rico 00737. Véase, Apéndice de la Parte Recurrida, págs. 058-060.

El 19 de octubre de 2015, notificada el 20 de octubre de 2015, el TPI emitió una Orden mediante la cual declaró No Ha Lugar la Moción Solicitando Relevo de Sentencia Por Falta de Jurisdicción presentada por los Peticionarios. Véase, Apéndice de la Parte Recurrida, pág. 061.

El 16 de noviembre de 2015, Bautista presentó una Moción Solicitando Ejecución de Sentencia, a tenor con la Regla 51 de Procedimiento Civil, 32 L.P.R.A. Ap. V, R. 51. Copia fiel y exacta de la Moción Solicitando Ejecución de Sentencia fue enviada al Lcdo. Santiago Burgos a la siguiente dirección: PO Box 375395, Cayey, Puerto Rico 00737. Véase, Apéndice de la Parte Recurrida, págs. 062-063.

El 17 de noviembre de 2015, notificada el 8 de diciembre de 2015, el TPI emitió una Orden de Ejecución de Sentencia mediante la cual ordenó a que se ejecutara la Sentencia emitida el 9 de septiembre de 2015, la que tampoco fue notificada a la parte que se pretendía ejecutar una sentencia que nunca le fue notificada. Véase, Apéndice de la Parte Recurrida, págs. 064-066. A su vez, el 8 de diciembre de 2015, notificado ese mismo día, el TPI emitió un Mandamiento de Ejecución de Sentencia. La Orden de Ejecución de Sentencia y el Mandamiento fueron notificados solamente al Lcdo. Santiago Burgos, a pesar de que el TPI sabía que ese abogado no atendió varios señalamiento y órdenes por alguna razón, pero aún así, sin notificarle a la parte procedió a anotarle la Rebeldía y dictar Sentencia en Rebeldía contra la parte

que representaba el Lcdo. Santiago Burgos. Véase, Apéndice de la Parte Recurrida, págs. 067-068.

El 23 de agosto de 2021, Bautista presentó una Moción en Torno a Orden de 30 de julio de 2021, Sobre Solicitud de Ejecución de Sentencia mediante la cual solicitó un nuevo mandamiento de ejecución de sentencia. Copia fiel y exacta de la referida moción solo le fue enviada al Lcdo. Santiago Burgos. Véase, Apéndice de la Parte Recurrida, págs. 069-075.

El 8 de septiembre de 2021, el TPI emitió otra Orden de Ejecución de Sentencia mediante la cual ordenó que se emita el mandamiento correspondiente para ejecutar la Sentencia del 9 de septiembre de 2015, vendiendo en pública subasta la propiedad objeto de esta acción. Véase, Apéndice de la Parte Recurrida, págs. 076-077.

El 10 de septiembre de 2021, el TPI emitió un Mandamiento de Ejecución de Sentencia para que se lleven a cabo los procedimientos de ejecución de sentencia, sobre la Sentencia del 9 de septiembre de 2015. Véase, Apéndice de la Parte Recurrida, págs. 078-079.

El 30 de agosto de 2022, el TPI emitió un Aviso de Subasta señalando fechas se subastas públicas de la propiedad objeto de ejecución para el 12, 19 y 26 de octubre de 2022. Véase, Apéndice de la Parte Recurrida, págs. 080-082.

El 12 de octubre de 2022, CPD, como adquirente de la facilidad de crédito objeto de la presente acción, presentó una Moción Sometiendo Documentos Complementarios Para Celebración de Subasta, mediante la cual presentó ante el TPI los

documentos complementarios requeridos para la celebración de las subastas que comenzaban el 12 de octubre de 2022, según lo requiere la Regla 51.7 de Procedimiento Civil, ante. En dicha moción, CPD certificó haber sometido los siguientes documentos: (i) Declaración Jurada acreditando haber colocado edictos en lugares públicos, suscrita el 6 de octubre de 2022 por Daniel Sánchez; (ii) Declaración Jurada del periódico San Juan Daily Star, suscrita el 30 de septiembre de 2022 por Ray Abner Ruiz Berríos, Afidávit Núm. 32,727 certificando las publicaciones por edictos del Aviso de Subasta; (iii) copias de cartas notificando a los Peticionarios las fechas de subastas a las últimas direcciones conocidas; y (iv) acuses de recibo y/o cartas devueltas. La Moción Sometiendo Documentos Complementarios Para Celebración de Subasta fue notificada al Lcdo. Santiago Burgos y a los Peticionarios a Km 7.3 Carr. 14 Bo. Montellano, Cayey, Puerto Rico 00736. Véase, Apéndice de la Parte Recurrida, págs. 083-157.

El 12 de octubre de 2022, el Alguacil del TPI expidió el Acta de Subasta mediante el cual se informó que la propiedad fue adjudicada en la subasta pública celebrada ese mismo día por el precio de $52,250.00, en abono a la Sentencia, y a favor de a quien se le otorgaría la Escritura de Venta Judicial. Véase, Apéndice de la Parte Recurrida, págs. 158-159.

El 14 de octubre de 2022, se otorgó la Escritura Número 175 de Venta Judicial.  Véase, Apéndice Peticionarios, págs. 96-115.

El 17 de octubre de 2022, CPD presentó una Solicitud de Orden de Confirmación de Subasta Bajo el Artículo 107 de la Ley del Registro de la Propiedad Inmobiliaria. Véase, Apéndice de la Parte Recurrida, págs. 160-163. Para la misma fecha, CPD

presentó una Moción de Lanzamiento mediante la cual le solicitó al TPI que ordene el desalojo y lanzamiento de cualquier ocupante de la propiedad adjudicada a CPD, de acuerdo con el Artículo 112 de la Ley del Registro de la Propiedad Inmobiliaria. Ambas mociones fueron notificadas a la representación legal de los Peticionarios, el Lcdo. Luis A. Santiago Burgos y, a los Peticionarios a Km 7.3 Carr. 14 Bo. Montellano, Cayey, Puerto Rico 00736. Véase, Apéndice de la Parte Recurrida, págs. 164-165.

El 21 de octubre de 2022, notificada el 28 de octubre de 2022, el TPI emitió una Orden de Confirmación de Adjudicación o Venta Judicial mediante la cual confirmó el procedimiento de Ejecución de Hipoteca y, en efecto, la venta y adjudicación del bien hipotecado, por haberse cumplido con todas las formalidades requeridas en el trámite judicial. Véase, Apéndice de la Parte Recurrida, págs. 166-168.

También para el 21 de octubre de 2022, notificada el 28 de octubre de 2022, el TPI emitió una Orden de Lanzamiento sobre la propiedad adjudicada a favor de CPD. Consecuentemente, el 28 de octubre de 2022, el TPI expidió el Mandamiento de Lanzamiento mediante el cual se ordenó a realizarse las gestiones y avisos necesarios para cumplir con la referida Orden de Lanzamiento. Véase, Apéndice de la Parte Recurrida, págs. 169-170.

El 9 de enero de 2023, los Peticionarios presentan una Moción Urgente, Asumiendo Representación y Solicitando Nulidad de Procedimientos Post Sentencia (en adelante, la "Moción Urgente"), mediante la cual relaman que se les privó del debido proceso de ley, en su vertiente procesal, por no habérseles

notificado los escritos, órdenes, resoluciones y sentencias a la parte directamente. Véase, Apéndice Peticionarios págs. 27-73.

El 24 de enero de 2023, CPD presentó su Oposición a Moción Urgente, Asumiendo Representación y Solicitando la Nulidad de Procedimientos Post Sentencia (en adelante, la "Oposición a Moción Urgente"), mediante la cual, en resumen, CPD indicó que del expediente judicial surge que todos los escritos, órdenes, resoluciones y sentencias fueron debidamente notificados a los Peticionarios mediante aquella representación legal que había permitido la anotación de rebeldía a dicha parte.

El 6 de febrero de 2023, notificada el 7 de febrero de 2023, el TPI emitió una Orden mediante la cual señaló una Vista para el 10 de abril de 2023, para argumentar la Moción Urgente presentada por la Parte Demandada y la Oposición a Moción Urgente presentada por CPD. Véase, Apéndice de la Parte Recurrida, págs. 171.

El 10 de abril de 2023, se celebró la mencionada vista argumentativa. A la vista compareció el abogado de los ejecutores de la sentencia en representación de CPD. Sin embargo, los Peticionarios no comparecieron. Por tanto, el TPI emitió una Orden mediante la cual dispuso un término de diez (10) días para que el Lcdo. Roberto Ortiz De Jesús, representante legal actual de los Peticionarios, mostrara causa por su incomparecencia. Véase, Apéndice de la Parte Recurrida, págs. 172-173.

El 11 de abril de 2023, los Peticionarios presentaron una Moción Para Mostrar Causa mediante la cual el Lcdo. Ortiz De Jesús informó que no compareció a la Vista Argumentativa del 10 de abril de 2023, toda vez que tuvo que asistir a una vista de

emergencia que confligió con la hora de la vista del caso de autos. Véase, Apéndice de la Parte Recurrida, págs. 174-176.

El 26 de abril de 2023, CPD presentó una Moción Solicitando Señalamiento de Vista mediante la cual solicitó que el TPI, de considerar que los Peticionarios cumplieron con la Orden de mostrar causa, señale una nueva vista para discutir las mociones pendientes. CPD solicitó esta vista, debido a que el proceso de lanzamiento fue paralizado por el TPI. Véase, Apéndice de la Parte Recurrida, págs. 177-179.

El 24 de mayo de 2023, notificada el 2 de junio de 2023, el TPI emitió una Orden mediante la cual atendió la Moción para Mostrar Causa presentada por los Peticionarios y la Moción Solicitando Señalamiento de Vista presentada por CPD. Con relación a la Moción para Mostrar Causa, el TPI dispuso que "[s]e da por cumplida la Orden de mostrar causa". Además, el TPI señaló una Vista para el 16 de octubre de 2023, para discutir las mociones pendientes. Véase, Apéndice de la Parte Recurrida, págs. 180-181.

El 16 de octubre de 2023, se celebró la Vista Argumentativa a la cual comparecieron CPD y los Peticionarios para argumentar la Moción Urgente y la Oposición a la Moción Urgente. Como resultado de esta Vista Argumentativa, el mismo día, 16 de octubre de 2023, notificada el 18 de octubre de 2023, el TPI, luego de evaluar y ponderar las mociones pendientes y los argumentos esbozados por las partes en la vista argumentativa, emitió una Resolución mediante la cual declaró No Ha Lugar la Moción Urgente de los Peticionarios, toda vez que del expediente del caso de autos "surge que la Sentencia y cada una de las órdenes y resoluciones emitidas por el Tribunal le fueron notificadas a la

representación legal de la parte demandada". En fin, el TPI determinó que la notificación de la Sentencia cumplió con las disposiciones de la Regla 65.3 de Procedimiento Civil, *ante*. Véase, Apéndice Peticionarios, págs. 116-119.

El 27 de octubre de 2023, los Peticionarios presentaron una Moción para Solicita[r] Reconsideración (en adelante, la "Moción de Reconsideración"), mediante la cual solicitaron que el TPI "reconsidere la sentencia notificada el 18 de octubre de 2023, y determine que, por falta de notificación adecuada de la Sentencia en Rebeldía, a la parte demandada la sentencia no es ejecutable y los actos posteriores nulos". Véase, Apéndice Peticionarios, págs. 120-127, 47. (Énfasis suplido). En apretada síntesis, los Peticionarios insistieron en que se debió notificar la Sentencia y demás órdenes a su dirección y no solo al abogado de récord, debido al supuesto incumplimiento de su representación legal.

El 13 de noviembre de 2023, CPD presentó una Oposición a Moción para Solicita[r] Reconsideración.

El 21 de noviembre de 2023, notificada el 20 de diciembre de 2023, el TPI emitió una Orden mediante la cual declaró No Ha Lugar a la Moción de Reconsideración presentada por los Peticionarios. Véase, Apéndice Peticionarios, págs. 136-137.

El 16 de enero de 2024 se presenta este Recurso contra la Resolución emitida el 16 de octubre de 2023, que el TPI declaró No Ha Lugar la Moción de la parte peticionaria titulada Moción Urgente Asumiendo Representación y Solicitando Nulidad de Procedimientos Post Sentencia. En el mismo se presentan los siguientes errores:

A. ERRÓ EL TPI Y ABUSÓ DE SU DISCRECIÓN, AL NO NOTIFICAR A LA PARTE RECURRENTE SOBRE LA DESATENCIÓN DE SU REPRESENTACIÓN LEGAL PARA CON SU CASO.

B. ERRÓ EL TPI Y ABUSÓ DE SU DISCRECIÓN, AL NOTIFICAR LA SENTENCIA A LA REPRESENTACIÓN LEGAL DE LA PARTE RECURRENTE A PESAR DE QUE ESTE HABÍA ABANDONADO SU CASO Y ENTENDER QUE LA NOTIFICACIÓN FUE ADECUADA.

Veamos.

## II.

## A.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391 (2021); 800 Ponce de León v. AIG, 205 DPR 163 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307 (2012); Pueblo v. Díaz de León, 176 DPR 913, 917 (2009); García v. Padró, 165 DPR 324, 334 (2005). La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. IG Builders et al. v. BBVAPR, *supra*. Dicha discreción es "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". 800 Ponce de León v. AIG*, supra,* Citibank et al. v. ACBI et al., 200 DPR 724 (2018); Medina Nazario v. McNeil Healthcare LLc, 194 DPR 723, 729 (2016); IG Builders v. BBVAPR, *supra*, pág. 338.

A esos efectos, la Regla 52.1 de Procedimiento Civil de Puerto Rico, 32 LPRA Ap. V, R. 52.1, establece los preceptos que regulan la expedición del recurso discrecional de *certiorari*, por parte del Tribunal de Apelaciones, para la revisión de

determinaciones interlocutorias del Tribunal de Primera Instancia. En lo pertinente, la regla dispone que,

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari* en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales.

Con el fin de que podamos ejercer de una manera sabia y prudente nuestra facultad discrecional de entender o no en los méritos de los asuntos que son planteados mediante el recurso de *Certiorari*, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *Certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida regla dispone lo siguiente:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

> C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros de instancia ostentan un alto grado de discreción en el manejo procesal de un caso. Meléndez Vega v. Caribbean Intl. News, 151 DPR 649, 664 (2000). Como es sabido, en nuestro ordenamiento jurídico impera la norma de que un tribunal apelativo sólo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en arbitrariedad o en un craso abuso de discreción. García v. Asociación, 165 DPR 311 (2005); Meléndez Vega v. Caribbean Intl. News, *supra*, pág. 664; Lluch v. España Service Sta., 117 DPR 729 (1986); Valencia Ex Parte, 116 DPR 909 (1986). Por ende, si no se encuentra presente en la petición ante nuestra consideración ninguno de los criterios antes transcritos y la actuación del foro primario "no está desprovista de base razonable ni perjudica derechos sustanciales de una parte, lo lógico es que prevalezca el criterio del juez de instancia a quien corresponde la dirección del proceso". Sierra v. Tribunal Superior, 81 DPR 554, 572 (1959).

**B.**

La Regla 45.1 de Procedimiento Civil, 32 LPRA Ap. V. dispone en lo pertinente que;

"[c]uando una parte contra la cual se solicite una sentencia para conceder un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en

otra forma según se dispone en estas reglas, y este hecho se pruebe mediante una declaración jurada o de otro modo, el Secretario o la Secretaria anotará su rebeldía.

El tribunal, a iniciativa propia o a moción de parte, podrá anotar la rebeldía a cualquier parte conforme a la Regla 34.3(b)(3).

Esta anotación tendrá el efecto de que se den por admitidas las aseveraciones de las alegaciones afirmativas, sujeto a lo dispuesto en la Regla 45.2(b)…"

No cabe duda de que el propósito del mecanismo de la rebeldía es desalentar el uso de la dilación como estrategia de litigación. Después de todo la rebeldía es la posición procesal en que se coloca la parte que ha dejado de ejercitar su derecho a defenderse o de cumplir con su deber procesal. Nuestro ordenamiento jurídico permite que el tribunal "motu proprio" o a solicitud de parte, anote la rebeldía por no comparecer a contestar la demanda o a defenderse. El efecto de la anotación es severo, se dan por ciertos los hechos correctamente alegados en la demanda. No obstante, el Tribunal Supremo de Puerto Rico ha sido enfático en que los tribunales no están exentos de evaluar, si la causa de acción presentada amerita la concesión del remedio solicitado. Banco Popular v. Andino Solís, 192 DPR 172, 179 (2015); Rivera Figueroa v. Joe's European Shop, 183 DPR 580, 587-588 (2011).

Los tribunales no son meros autómatas, ya que no están obligados a conceder indemnizaciones, porque un caso esté litigándose en rebeldía. El proceso de formar conciencia judicial exige la comprobación de cualquier aseveración mediante prueba. Así lo dispone la Regla 45.2 de Procedimiento Civil, *supra*. El tribunal deberá celebrar las vistas que crea necesarias y adecuadas para lograr ese objetivo. Una parte demandada en rebeldía que ha comparecido previamente tiene derecho a:

conocer del señalamiento, asistir a la vista, contrainterrogar a los testigos de la parte demandante, impugnar la cuantía y apelar la sentencia. Tampoco, renuncia a las defensas de falta de jurisdicción y de que la demanda no aduce hechos constitutivos de una causa de acción en favor del reclamante. Ha de quedar claro que un trámite en rebeldía no garantiza per se, una sentencia favorable al demandante. El demandado en rebeldía, no admite hechos incorrectamente alegados ni conclusiones de derecho. Continental Inc. v. Isleta Marina, 106 DPR 809, 817 (1978).

La anotación de rebeldía no es garantía per se dé una sentencia a favor del reclamante. Las alegaciones concluyentes, las conclusiones de derecho y los hechos alegados de forma generalizada no son suficientes para sostener una adjudicación a favor del demandante. Los daños generales, las sumas no líquidas reclamadas y la cuantía de los daños deben ser objeto de prueba. Luego de anotar la rebeldía, el tribunal debe celebrar las vistas evidenciarias necesarias y adecuadas para que el querellante sustente sus alegaciones y pruebe los daños alegados. Al celebrar las vistas, el tribunal deberá aplicar los mecanismos contemplados en las Reglas de Procedimiento Civil para casos de rebeldía. Vizcarrondo Morales v. MVM, 174 DPR 921, 937 (2008).

La Regla 45.3 de Procedimiento Civil, 32 LPRA Ap. V, establece que el tribunal podrá dejar sin efecto una anotación de rebeldía por causa justificada, mientras que una sentencia en rebeldía podrá dejarse sin efecto de acuerdo con la Regla 49.2 de Procedimiento Civil. Estas reglas deben interpretarse liberalmente. Cualquier duda debe resolverse, a favor del que solicita que se deje sin efecto una anotación de rebeldía o una sentencia, a fin de que el caso se adjudique en sus méritos. *Rivera*

*Figueroa v. Joe's European Shop*, *supra,* págs. 591-592; *Vázquez Ortiz v. López Hernández,* 160 DPR 714, 725-726 (2003).

La parte que quiere que se deje sin efecto la rebeldía tiene que presentar evidencia de circunstancias que a juicio del tribunal demuestren justa causa para la dilación o probar que tiene una buena defensa en sus méritos y que el grado de perjuicio que se puede ocasionar a la otra parte con relación al proceso es razonablemente mínimo. Rivera Figueroa v. Joe's European Shop supra*,* pág. 593.

La Regla 45. 2 de Procedimiento Civil, 32 LPRA Ap. V, establece las circunstancias en las que podrá dictarse sentencia en rebeldía. El inciso (a) faculta al secretario o secretaria del tribunal a dictar sentencia en rebeldía, cuando la reclamación es por una suma líquida, o puede liquidarse mediante cómputo. El secretario o secretaria podrá dictar sentencia en rebeldía, a solicitud de la demandante acompañada con una declaración jurada de la cantidad adeudada. El inciso (b) de la Regla 45.2, *supra,* establece que, en los demás casos, la parte con derecho a una sentencia en rebeldía, la solicitará al tribunal. El tribunal deberá celebrar las vistas que entienda necesarias y adecuadas para fijar el estado de una cuenta, determinar el importe de los daños, comprobar la veracidad de cualquier aseveración mediante prueba, o hacer una investigación de cualquier otro asunto. Cuando la parte contra la cual se solicita sentencia en rebeldía ha comparecido al pleito, será notificada del señalamiento de cualquier vista en rebeldía que se realice.

El tribunal podrá dejar sin efecto una sentencia en rebeldía de acuerdo con la Regla 49.2 de Procedimiento Civil, 32 LPRA Ap. V. La regla citada establece que el tribunal podrá relevar a una parte o su representación legal de una sentencia, orden o

procedimiento por las razones siguientes: 1) error, inadvertencia, sorpresa o negligencia excusable; 2) descubrimiento de evidencia esencial que a pesar de una debida diligencia no pudo descubrirse a tiempo para solicitar un nuevo juicio; 3) fraude, falsa representación u otra conducta impropia de una parte adversa; 4) nulidad de la sentencia; 5) la sentencia fue satisfecha, renunciada o cumplida o la sentencia anterior en que se fundaba fue revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor o 6) cualquier otra razón que justifique la concesión de un remedio contra los efectos de la sentencia.

### C.

La Regla 67.1 de Procedimiento Civil ordena la notificación de los escritos a todas las partes, salvo a aquellas que se encuentren en rebeldía **por falta de comparecencia**. La regla dispone:

> Toda orden emitida por el tribunal y todo escrito presentado por las partes será notificado a todas las partes. La notificación se efectuará el mismo día en que se emita la orden o se presente el escrito.
> No será necesario notificar a las partes en rebeldía por falta de comparecencia, excepto que las alegaciones en que se soliciten remedios nuevos o adicionales contra dichas partes se les notificarán en la forma dispuesta en la Regla 4.4 o, en su defecto, por la Regla 4.6, para diligenciar emplazamientos. 32 LPRA Ap. V, R. 67.1

Es decir, cuando una parte se le diligenció debidamente el emplazamiento y no compareció, no es necesario que se le notifique todo escrito u orden subsiguiente a la demanda original. *Véase* Álamo v. Supermercado Grande, Inc., *supra*, pág. 105 citado en BPPR v. Andino Solís*, 192 DPR 172* (2015). Sin embargo, cuando la parte a la que se le anota la rebeldía comparece, se deben enviar todas las notificaciones correspondientes aun

cuando se le haya anotado la rebeldía. BPPR v. Andino Solís, 192 DPR 172, 180 (2015).

El Tribunal Supremo ha expresado que "cualquier actuación de parte de un demandado, excepto para atacar la jurisdicción sobre su persona, que reconozca el caso en la corte constituirá una comparecencia general". Gómez v. Junta Examinadora de Ingenieros, 40 DPR 662, 667 (1930) citado en BPPR v. Andino Solís, supra, a la pág. 180 (2015).

"Una comparecencia mediante moción de prórroga, traslado o desestimación es suficiente para que la parte sea notificada de todos los escritos y órdenes del tribunal, aun cuando se le haya anotado la rebeldía." BPPR v. Andino Solís, supra, a las págs. 180-181.

Una vez se diligencie emplazamiento a una persona, la Regla 45.1 permite que se anote la rebeldía cuando "una parte contra la cual se solicite una sentencia que concede un remedio afirmativo haya dejado de presentar alegaciones o de defenderse en otra forma…[1] Así la Regla 45.2(b) permite al Tribunal dictar sentencia en rebeldía.

Una sentencia adjudica las controversias habidas en un pleito y define los derechos de las partes involucradas. Falcón Padilla v. Maldonado Quirós, 138 DPR 983, 989 (1995) Cárdenas Muxán v. Rodríguez, 119 D.P.R. 642, 656 (1987).

Una vez se dicta sentencia, la Regla 46 de las de Procedimiento Civil, 32 L.P.R.A., Ap. III, establece la forma en torno a la notificación y registro de sentencias:

> Será deber del secretario notificar a la brevedad posible dentro de las normas que fije el Tribunal

---

[1] Sobre las notificaciones a la parte en Rebeldía, la Regla 67.1 dispone que …No será necesario notificar a las partes en rebeldía por falta de comparecencia, excepto que las alegaciones en que se soliciten remedios nuevos o adicionales contra dichas partes, se les notificarán en la forma dispuesta en la Regla 4.4 para diligenciar emplazamientos.

Supremo, las sentencias que dicte el tribunal, archivando en autos copia de la sentencia y de la constancia de la notificación y registrando la sentencia. La anotación de una sentencia en el Registro de Pleitos y Procedimientos constituye el registro de la sentencia. La sentencia no surtirá efecto hasta archivarse en autos copia de su notificación y el término para apelar empezará correr a partir de la fecha de dicho archivo.

Las Reglas de Procedimiento Civil imponen al secretario del tribunal la obligación de notificarla (notificar la sentencia) cuanto antes a todas las partes afectadas y de archivar en autos una copia de la constancia de dicha notificación. Este deber de notificar las sentencias no constituye un mero requisito impuesto por las Reglas de Procedimiento Civil. Su imperiosidad radica, además, en el efecto que tiene dicha notificación sobre los procedimientos posteriores a la sentencia. Falcón Padilla, *supra*, pág. 989 (intercalado nuestro)

El Tribunal Supremo de Puerto Rico ha sostenido este pronunciamiento sobre la importancia de la adecuada notificación de la sentencia.  En el caso de R & G Mortgage Corporation v. Beatriz Arroyo Torres, 180 DPR 511 (2010), indicó lo siguiente:

Es de notar, que una vez se dicta una sentencia, las Reglas de Procedimiento Civil le imponen a la Secretaría del tribunal la obligación de notificarla lo antes posible a todas las partes, archivar en autos una copia de la constancia de la notificación y, a su vez, notificar dicho archivo a las partes.[2] A partir de la fecha del referido archivo es que comienza a correr el término para solicitar la revisión del dictamen o para iniciar algún procedimiento posterior a ésta.[3] Por tal razón, es que se reconoce la imperiosidad de una adecuada notificación, porque la falta de ésta incide en el derecho de una parte a cuestionar el dictamen judicial, y así enerva las garantías del debido proceso de ley.[4]

Claramente, "[l]a correcta y oportuna notificación de las órdenes y sentencias es requisito *sine qua non* de un

---

[2] Nota al calce 9 citada en el caso:  Véanse, Reglas 46 y 65.3 de Procedimiento Civil de 1979, 32 L.P.R.A. Ap. III, y de 2009, 32 L.P.R.A. Ap. V.)
[3] Nota al calce 10 citada en el caso:  Id.)
[4] Nota al calce 11 citada en el caso. Caro v. Cardona, 158 D.P.R. 592, 598 (2003); Falcón Padilla v. Maldonado Quirós, 138 D.P.R. 983, 990 (1995).

ordenado sistema judicial".[5] Por consiguiente, hemos reconocido que la notificación es parte integral de la actuación judicial, ya que afecta el estado procesal del caso.[6] Por eso, "para que una resolución u orden surta efecto, tiene, no solamente que ser emitida por un tribunal con jurisdicción, sino que también notificada adecuadamente a las partes ya que es a partir de la notificación que comienzan a cursar los términos establecidos".[7]        Consecuentemente,        "[r]esulta indispensable y crucial que se notifique adecuadamente de una determinación sujeta a revisión judicial a todas las partes cobijadas por tal derecho".[8] (citas en notas al calce**)**

La Regla 65.3 de Procedimiento Civil vigente al momento del TPI emitir la sentencia, regula también lo pertinente a la notificación de órdenes y sentencias.    Dispone que (a) inmediatamente después de archivarse en autos copia de una orden o sentencia, el secretario notificará tal archivo a todas las partes que hubieren comparecido en el pleito en la forma preceptuada en la regla 67.  El depósito de la notificación en el correo será aviso suficiente a todos los fines para los cuales se requiera por estas reglas una notificación del archivo de una orden o sentencia.

Así, la Regla 65.3 (a) de dicho cuerpo reglamentario le impone la obligación al secretario del Tribunal de Primera Instancia de notificar el archivo en autos de la copia de la resolución u orden recurrida a **todas las partes** que hubiesen comparecido al pleito. 32 L.P.R.A. Ap. III R. 65.3 (a). De ahí que se haya resuelto que "[p]ara que lo determinado por el tribunal en una *resolución, orden o sentencia* surta efecto, el debido proceso de ley requiere, como mínimo, que se les notifique a las

---

[5] Nota al calce 12 citada en el caso J.A. Cuevas Segarra, Tratado de Derecho Procesal Civil, San Juan, Pubs. JTS, 2000, T. II, Cap. X, pág. 1138. Véase, además, Caro v. Cardona, *supra*, pág. 599; Falcón Padilla v. Maldonado Quirós, *supra*, pág. 993.
[6] Nota al calce 13 citada en el caso:  Caro v. Cardona, *supra*, pág. 600.
[7] Nota al calce 14 citada en el caso:  R. Hernández Colón, Derecho Procesal Civil, 5ta ed., San Juan, Ed. LexisNexis, 2010, Sec. 1701, pág. 193
[8] Nota al calce 15 citada en el caso:  Cuevas Segarra, op. Cit., pág. 1139; Caro v. Cardona, supra, pág. 599.

partes…". <u>Caro v. Cardona</u>, 158 D.P.R. 592, 599 (2003) (énfasis en el original).

> "La correcta y oportuna notificación de las [*resoluciones*], *órdenes* y sentencias es requisito *sine qua non* de un ordenado sistema judicial. Su omisión puede conllevar graves consecuencias, además de crear demoras e impedimentos en el proceso judicial.
>
> Resulta indispensable y crucial que se notifique adecuadamente de una determinación sujeta a revisión judicial a todas las partes cobijadas por tal derecho". <u>Íd</u>. (*citando* a J.A. Cuevas Segarra, <u>Tratado de Derecho Procesal Civil</u>, San Juan, Pubs. JTS, 2000, T. II, Cap. X, págs. 1138-1139).

El inciso (b) de referida Regla dispone la forma en que un tribunal tiene que notificar sus órdenes y sentencias a las partes que están en rebeldía:

> El secretario notificará a la última dirección que se haya consignado en el expediente por la parte que se auto representa o a la dirección del abogado o abogada que surge del registro del Tribunal Supremo para recibir notificaciones, en cumplimiento con la Regla 9 de estas Reglas, toda orden, resolución o sentencia que de acuerdo con sus términos deba notificarse a las partes que hayan comparecido en el pleito.

De la referida Regla 65.3 se pueden colegir dos (2) situaciones. Primero, cuando la parte en rebeldía por incomparecencia fuese de identidad desconocida o figurare con nombre ficticio, se efectuará la notificación de la sentencia mediante la publicación de edictos. En segundo lugar, cuando la identidad de la parte en rebeldía por incomparecencia fuese conocida, se remitirá la notificación de la sentencia a su última dirección conocida. <u>Falcón Padilla v. Maldonado</u>, *supra*, pág. 991, 992.

En los casos en donde hay partes en rebeldía, como ocurre en el presente caso, la Regla 65.3 de Procedimiento Civil vigente, en su inciso (c) expone la forma correcta de notificación. Corresponde al Secretario expedir un "aviso de notificación de

sentencia por edictos para su publicación por la parte demandante" para aquellas partes en rebeldía emplazadas por edictos, demandados desconocidos, o que nunca hayan comparecido en autos.

Cónsono con lo anterior, es norma sólidamente establecida en nuestra jurisdicción que el término para recurrir de una orden, resolución o sentencia emitida por el Tribunal de Primera Instancia "no comienza a transcurrir si el tribunal deja de notificar dicho dictamen a alguna de las partes". Sánchez *et als.* v. Hosp. Dr. Pila *et als.*, 158 D.P.R. 255, 260 (2002).

### III.

A raíz de una acción de relevo de Sentencia que es denegada por el TPI, se presenta el Certiorari que aquí atendemos. No tenemos duda que se vulneró el debido proceso de ley de los peticionarios durante el trámite de anotarles la Rebeldía y de inmediato dictar Sentencia en el caso. Ese proceder hace la sentencia en rebeldía sea nula.

El TPI no cumplió con las disposiciones requeridas cuando se le anota la rebeldía a una parte que ha estado compareciendo y defendiéndose en el proceso. Los errores señalados fueron cometidos.

La Moción que da base al reclamo que aquí atendemos, el 16 de octubre de 2023, se celebró la Vista Argumentativa a la cual comparecieron CPD y los Peticionarios para argumentar dicha Moción Urgente y la Oposición a esa Moción Urgente. Como resultado de esa Vista Argumentativa, el mismo día, 16 de octubre de 2023, notificada el 18 de octubre de 2023, el TPI, sin percatarse de que la sentencia en rebeldía emitida violaba el debido proceso de ley, emite la Resolución mediante la cual

declara No Ha Lugar la Moción Urgente de los Peticionarios, dando por bueno la realidad que no se había notificado nunca a la parte que se le había anotado la Rebeldía y se había continuado el proceso sin esa notificación básica. El TPI tuvo conocimiento de que el abogado que había comparecido por la parte demandada estaba enfrentando problemas de atender los señalamientos del Tribunal. Ese proceder había que notificarlo a la parte que había contratado ese abogado. En fin, el TPI determinó erróneamente, que la notificación de la Sentencia cumplió con las disposiciones de la Regla 65.3 de Procedimiento Civil, *ante, cuando ello no era correcto*. Véase, Apéndice Peticionarios, págs. 116-119.

El TPI debe tener claro que los tribunales no son meros autómatas y que el proceso de formar conciencia judicial exige la comprobación de todo lo que pueda inferirse de un trámite, máxime cuando se trata de privar de una propiedad a una parte. Una anotación de rebeldía no necesariamente acarrea una sentencia en rebeldía siempre. Maxime cuando el Tribunal se percata que no hay una adecuada defensa por parte del abogado contratado por esa parte y en esos casos en particular se debe actuar con más cautela.

La determinación del foro primario cuya revisión se nos solicita se trata de aspectos relacionados al manejo de la ejecución de una sentencia en rebeldía dictada en violación al debido proceso de ley. Ante ello están presentes varios de los requisitos de la Regla 40, *supra* y la Regla 52.1 de Procedimiento Civil, *supra*, que justifican variar el ejercicio de la discreción pues no se interpretó por el TPI lo correcto del trámite que requería este asunto que se trae ante nuestra consideración. Procede expedir el auto de certiorari y revocar la orden contra la que se

recurre y aclarar que el debido proceso de ley requiere que se continúen los trámites desde aquellas etapas que hemos identificado que se tenía que notificar a la parte y no se hizo.

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, expedimos el recurso de *Certiorari,* revocamos la orden contra la que se recurre y ordenamos la continuación del procedimiento conforme lo aquí expresado*.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones